■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARGIBAY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DI GUISEPPE, Appellant.—Judgments of the Supreme Court, New York County, rendered June 11, 1976, convicting defendants of the crime of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41) and sentencing each defendant to a term of six years to life, affirmed. We adopt the recital of the sequence of events set forth in the dissent, but emphasize, as disclosed by the record, that upon resumption of the trial the next morning, the Trial Justice stated he wanted to question the juror. Counsel for defendant Argibay, to whom the juror's remark allegedly was directed and who had made the motions for a mistrial or in the alternative for removal of the juror, declined, however, the opportunity to pursue that course, fearing the juror would know he prompted the inquiry and therefore would visit her displeasure upon his client. Counsel for defendant Di Guiseppe agreed with the tactic of defendant Argibay's counsel. When the court observed that it would not remove the juror without some explanation to her or a satisfactory reason to itself, counsel for Argibay stated: "Then I would suggest * * * leave her alone, let her sit as a juror, and let us continue with the case * * * Let the woman stay on the jury and let us go ahead." Counsel for Argibay expressed understanding of the Trial Justice's professed reluctance to dismiss the juror, and though counsel stated to the Assistant District Attorney that he was not withdrawing his objection, counsel clearly and distinctly expressed a desire that the Justice should not question the juror. The Justice acceded to this suggestion. The dissent, in adopting defendants' view that the court's failure to discharge the juror was an error warranting reversal, contends that the court could have excused the juror and avoided any possible prejudice by seating an available alternate. No one can fail to recognize the propriety of such action in appropriate circumstances. However, before such step could be taken it was necessary for the court to conduct a hearing in order to determine whether in fact the statement attributed to the juror was made and if so, under what circumstances, and whether it reflected a state of mind on the part of the juror which made it impossible for her to render a verdict fairly and impartially. At the conclusion of a hearing, which could have been conducted privately, that is, out of the presence of other jurors and in the presence of counsel, the court could have excused the juror from further participation in the trial and substituted an alternate, in such

manner as to insulate the jury from any further contact with the juror (see *People v Phillips,* 87 Misc 2d 613, 615, affd 52 AD2d 758, application for lv to app den 39 NY2d 949). On the other hand, if the statement made was truly in jest, not reflective of a state of mind prejudicial to defendants or defense counsel, the juror, appropriately, might have been permitted to continue to serve *(People v Sher,* 24 NY2d 454, mot to amend remittitur granted 24 NY2d 1031). By declining the offer of the court to conduct a hearing, in which all pertinent facts could have been established, each counsel demonstrated a willingness to continue to accept the juror as a judge of his client's guilt or innocence (see *People v Winslow,* 51 AD2d 824, 825). By failing to exercise the right to establish the possibility of prejudice at that time, defendants intentionally and voluntarily relinquished a right and opportunity afforded by law to make a showing of prejudice on the part of the juror. Putting it in nonlegal terms, having alleged that the deck was stacked, the players declined an invitation to examine the cards. Defendants should not now be heard to complain. Reliance in the dissent upon *People v Cocco* (305 NY 282) is misplaced, as the remark therein complained of, while known to the court and the prosecutor during trial, was discovered by defense counsel only after verdict and accordingly he had no opportunity to challenge the juror for that reason prior to verdict. In this case the record does not disclose a showing of prejudice on the part of the juror. Responsibility for the absence of a record upon which a determination of such question could now be made must be fixed upon defendants. Thus, on the record before us we cannot say that defendants were denied a fair and impartial trial. Defense counsel, by deliberately choosing to abandon the right to a hearing to determine whether the juror's frame of mind was tainted, waived any claim that defendants did not receive a fair and impartial trial *(People v Winslow, supra).* Concur—Lupiano, Birns and Markewich, JJ.; Kupferman, J. P., dissents in the following memorandum: It is alleged by counsel for one of the defendants that a juror, leaving the box at the end of the day, stated to him "I hate you". While it is not clear that this was the statement made or whether it was made in jest, there is corroboration that the juror did say something to defense counsel. Immediately thereafter, a motion for a mistrial was made, or in the alternative that the juror be excused and an available alternate seated. The motions were denied. Counsel then asked that the juror be questioned upon the trial's resumption the next morning. This, too, was denied. However, upon the continuation of the trial the next morning, the Justice presiding stated that he would question the juror. At this point, counsel to whom the remark was directed and who made the motions, stated that, inasmuch as he was preparing to sum up, he feared to have the juror interrogated because of a possible antagonism which this course might arouse against his client. The Justice presiding stated that he could not dismiss the juror without an explanation. Counsel then stated that he was not withdrawing his objection, but that he preferred that the Justice presiding not conduct a hearing on the matter at that stage. A juror should have no occasion to make a remark to counsel, even in jest. The court could have excused that juror and avoided any possible prejudice by seating an available alternate. Defense counsel's perturbation was understandable, and his not pursuing the objection should not be considered a waiver of it (See *Mark v Colgate Univ.,* 53 AD2d 884.) Regardless of the merits of the charges against these defendants,they were entitled to an impartial and unprejudiced jury, and the course pursued had the effect of possibly tainting the result. *(People v Cocco,* 305 NY 282.)