■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTO-PHER SELLERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 23, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. We reverse on two grounds: 1. It was error for the trial court to deny challenges for cause directed to two jurors. The first was a customs officer whose duties included the enforcement of the law through making arrests. The circumstances of the case made it advisable that the challenge for cause be sustained (see *People v Culhane,* 33 NY2d 90, 104, n 2; *People v Branch,* 46 NY2d 645, 650; *People v Oddy,* 16 AD2d 585, 587-588; cf. *Commonwealth v Colon,* 223 Pa Super Ct, 202, 205-208; *State v Langley,* 342 Mo 447; *State v West,* 200 SE2d 859 [W Va]; *Rippy v State of Tennessee,* 550 SW2d 636 [Tenn]). The second juror was a woman whose son had been the victim of a robbery in the course of which he had suffered serious injuries, and whose husband had been the victim of a mugging at knifepoint. Again, the challenge for cause should have been sustained (see *People v Branch,* 46 NY2d 645, *supra; Sims v United States,* 405 F2d 1381, 1384). In case of doubt the better practice is to excuse the juror on *voir dire (People v Branch, supra,* pp 651-652). 2. During a side-bar conference in the course of the trial, one of the jurors made an approving gesture with her hand to the arresting officer who was then on the witness stand. The court conducted an inquiry, out of the presence of the other jurors. The juror admitted to the court that she had signaled to the witness, and that her intention was to indicate to him that "He was answering the questions beautifully." The court did not discharge the juror upon motion of the defendant, nor did it conduct a further inquiry whether the other jurors had observed the gesture and what its significance may have been to them. Under these circumstances the court should have discharged the juror (cf. *People v Argibay,* 57 AD2d 520, affd 45 NY2d 45; *Mark v Colgate Univ.,* 53 AD2d 884). A new trial is therefore required. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.