■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO COBOS, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of the intentional murder of James Amico (Penal Law, § 125.25, subd 1). Defendant, along with Robert Violante and Thomas Cenzi, was charged with the crimes of intentional murder, felony murder, robbery in the first degree, robbery in the second degree, assault in the first degree, and grand larceny in the third degree. Louis Destino was the prosecution's chief witness at trial. Following the conclusion of the People's evidence, the trial court found that Destino was an accomplice, as a matter of law, on all charges except intentional murder, and only that offense was presented to the jury. The remaining charges were dismissed for lack of corroboration. With relation to the charge of intentional murder, the trial court left to the jury's determination whether Destino was an accomplice, with the admonition that if they found that he was an accomplice they must acquit defendant. We agree with defendant's contention that the trial court's charge to the jury on the definition of an accomplice was error. Although the trial court charged CPL 60.22, which defines an accomplice as a witness who participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitutes the offense charged, it erroneously embellished this charge by instructing that a witness may be labeled an accomplice "only" if there is a showing that he was a principal or accessory or that he participated in "all" of the elements of the crime (see *People v Craft,* 67 AD2d 1097). However, defendant failed to preserve the issue for review (see *People v Thomas,* 50 NY2d 467, 472) and, indeed, requested a portion of the charge which he now insists constitutes error. We hold that the judgment of conviction should not be reversed in the interest of justice (see CPL 470.15, subd 3, par [d]; subd 6, par [a]). The indictment charged intentional murder in that "the defendants, on or about December 19, 1977 in the County of Monroe, State of New York, with each other and with intent to cause the death of another person, to wit, James Amico, caused the death of said James Amico by throwing him into the Barge Canal and causing him to drown." Destino testified that the victim was beaten and robbed by Cobos, Violante and Cenzi in Sebastian Park shortly after 2:30 A.M. on December 19, 1977. Destino was an accessory to these crimes (Penal Law, § 20.00) and observed their commission from a distance. When Destino and his companions left the crime scene in Destino's car the victim was alive and lying on the ground. A short time later the parties returned to Sebastian Park and Destino observed the victim still lying on the ground. Destino expressed concern for the victim's welfare and urged that medical help be obtained but was told by his companions that "the kid could identify us." At approximately 3:30 A.M. he allowed his companions to use his car to return to the crime scene because they assured him that they were going to obtain medical help for the victim. Destino did not accompany them, but instead went to bed. They returned at approximately 6:00 A.M. and told Destino that "they got rid of the kid" by throwing him in the Barge Canal. Destino testified that he attempted to remove blood stains from his automobile and that he gave a "phony" story to the police about what had happened. The proof shows that the

intentional murder was an offense separate and apart from the assault and robbery of the victim and that Destino was connected to the murder only through the use of his car by his companions. The jury could infer from this proof that Destino aided his companions in the commission of the intentional murder by allowing the use of his car to transport the victim to the Barge Canal. If the jury drew this inference, Destino would be an accessory to the murder (Penal Law, § 20.00). To be an accomplice under CPL 60.22 a witness must " 'be *in some way* criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial." Put another way, to be an accomplice, one would necessarily have to be at least potentially subject to sanctions of a penal character for * * * participation in the crimes of the defendant on trial' (*People v Fielding,* 39 NY2d 607, 610). The accomplice's participation may be 'in an offense based upon *some* of the same facts or conduct which make up the offense on trial' (*People v Berger,* 52 NY2d 214, 219)." (*People v Aleschus,* 81 AD2d 696, 697.) Part of the error ascribed to the trial court is that the accomplice charge improperly limited the application of the corroboration rule to accessories and did not make it applicable to persons found to have participated in "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22, subd 2, par [b]). Destino was an accomplice only if the jury believed that he was an accessory by reason of the use of his car. There was no proof of any other conduct by Destino from which the jury could infer that he committed the offense charged to the defendant. The jury believed Destino, did not find him to be an accessory and hence did not find him to be an accomplice. We conclude that without the error in the instructions the jury would have most certainly convicted the defendant (see *People v Crimmins,* 36 NY2d 230, 242) and the interest of justice does not require reversal of this conviction. (Appeal from judgment of Monroe Supreme Court, Contiguglia, J. — murder, second degree.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.