■ NANCY BAXTER, Petitioner, v MICHAEL P. NEVINS et al., Respondents. — Petition unanimously granted and indictment dismissed. Memorandum: Petitioner brings this CPLR article 78 proceeding seeking an order prohibiting her retrial on an indictment which charges her with assault, second degree. The charge arises out of a neighborhood melee in which defendant allegedly jumped on the back of a uniformed police officer, pulled his hair and twisted his head so that others could strike him. During the second trial (the verdict in the first trial was vacated by the Trial Judge), after the People had completed their case and defense counsel had sworn 13 witnesses, the District Attorney communicated to the court a report of juror misconduct. He stated that he had been told that one of the jurors had discussed the case outside of court and expressed the opinion that defendant was guilty. Apparently, he believed and so stated to the court that defendant was joining in a motion for mistrial. Defense counsel specifically refused to join in the motion before the court ruled, however, and stated that he opposed it. He pointed out to the court that this was his client's second trial, that alternate jurors had been chosen and that presumably there remained 12 competent jurors to decide the case even if one juror had to be disqualified because of misconduct. He did not dispute the facts as related by the District Attorney. The only response to the suggestion that an alternate be seated was the District Attorney's speculation that if one juror had felt free to discuss the case, undoubtedly the others had also. Without examining the juror to determine whether the District Attorney's report was accurate or examining the remaining jurors to see if the trial could continue (see *People v Argibay,* 57 AD2d 520, affd 45 NY2d 45), the court granted the motion for a mistrial. It was authorized to do so over defendant's objection without double jeopardy consequences only if the record established "gross misconduct * * * by a juror, resulting in substantial and irreparable prejudice to the people's case" (CPL 280.10, subd 2). We find no competent evidence in the record proving that was so and accordingly, prohibition must be granted and, perforce the indictment dismissed. (Art 78.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.