■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE IVERY, Appellant. — Judgment reversed, on the law, and a new trial granted. Memorandum: Upon this appeal from a conviction for assault in the first degree, defendant contends that a new trial is required because the trial court improperly discharged a sworn juror. We agree. After the People rested and during the prosecutor's cross-examination of a defense witness concerning a prior robbery conviction, a juror requested permission to approach the bench. He told the Trial Judge that he considered the prosecutor's question "irrelevant to this case." The prosecutor then asked the juror "if the Judge were to tell you that it did have relevance in the case and that there was a purpose for it and that's why he's allowing the question, would you be able to put your feelings aside and follow his instructions now that you feel this way?" The juror replied "Yes". The Trial Judge explained to the juror that questions about the criminal record of a witness may be relevant on the issue of credibility. The prosecutor then asked the juror "have you made up your mind already on this defendant's guilt?" The juror replied "I feel I shouldn't answer that." Following this colloquy the prosecutor requested that the juror be discharged "for cause" (see CPL 270.15, subd 4) because his reluctance to answer the prosecutor's question directly implied that he had already made up his mind. The court agreed and dismissed the juror. To justify the discharge of a juror after the jury has been sworn but before rendition of a verdict, the trial court must find that the juror is "grossly unqualified" to serve (CPL 270.35). This statutory test places a greater burden upon the moving party than if the juror was challenged for cause (*People v Meyer,* 78 AD2d 662, 664; see, also, *People v Harris,* 84 AD2d 63, 91, affd 57 NY2d 335, cert den __ US __, 51 USLW 3680). Upon this record it was error for the Trial Judge to conclude that the juror was grossly unqualified to serve. The juror stated repeatedly that he would follow the court's instructions. Here, the better practice would have been for the Trial Judge to have conducted a further inquiry, *in camera,* before concluding that the juror was grossly unqualified to serve (see *Smith v Phillips,* 455 US 209, 215-218; *People v Argibay,* 57 AD2d 520, affd 45 NY2d 45; *People v Gordon,* 77 AD2d 662). We have held that even a juror who has formed an opinion as to guilt or innocence may sit if he believes it will not affect his verdict (*People v Goldfeld,* 60 AD2d 1, 10). The defendant has a constitutional right to a particular jury chosen according to law, in whose selection he has had a voice (NY Const, art I, § 2). As the Court of Appeals aptly stated almost a century ago, "The law prescribes the qualifications of jurors. The court cannot add to or detract from them. It cannot itself select the jury, directly or indirectly. It cannot in its discretion, or capriciously, set aside jurors as incompetent, whom the law declares are competent, and thus limit the selection of the jury to jurors whose names may be left. If this is done, a legal right is violated, for which an appellate court will give redress" (*Hildreth v City of Troy,* 101 NY 234, 239). We have considered the other points raised by appellant and find them lacking in merit. Concur — Hancock, Jr., J. P., Denman and Green, JJ.

Callahan and Moule, JJ., dissent and vote to affirm in the following memorandum: CPL 270.35 provides "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service, or the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature, but not

warranting the declaration of a mistrial, the court must discharge such juror." In our view the terms used in the statute leave the trial court with broad discretion in determining when a juror is "grossly unqualified" and/or has engaged in "misconduct of a substantial nature". In reference to challenges in choosing a jury, appellate courts have repeatedly admonished that a trial court should lean toward discharging a juror of questionable impartiality (*People v Blyden*, 55 NY2d 73; *People v Branch*, 46 NY2d 645; *People v Moorer*, 77 AD2d 575; *People v Sellers*, 73 AD2d 697). This admonition is equally applicable in cases such as this, involving sitting jurors, especially where alternates are available (*People v Meyer*, 78 AD2d 662, 664). From the colloquy that followed the juror's questioning of the relevancy of the prosecutor's questions during cross-examination, the trial court properly discharged the juror as grossly unqualified. When asked if he could put his feelings aside and follow the Judge's instructions, he replied, "Yes, yes, but I feel — you put in two cases in one." When told by the prosecutor that this is a "crucial area," he swore that he could put his feelings aside but continued to express his disagreement with the prosecutor's line of questioning. The remainder of the colloquy consisted of the Judge's explanation of the relevancy of the prosecutor's questions. The only other question which touched upon the issue of the juror's impartiality was asked by the prosecutor when he questioned whether the juror had made up his mind on defendant's guilt and the juror refused to answer. Under these circumstances, the trial court did not abuse its discretion in dismissing the juror. An appellate court should not supplant a trial court's initial determination of the qualification of a juror in questionable cases. The demeanor, attitude and voice inflection of a juror may be more telling than his mere affirmative response when questioned about his ability to put his feelings aside. This is especially so when the response is less than unequivocal and convincing as was the response given here (see *People v Meyer*, 78 AD2d 662, *supra*). This factor, coupled with the juror's refusal to respond when asked if his mind was already made up on defendant's guilt, rendered the juror's impartiality highly suspect. Given the subjective standard of "grossly unqualified" as set out in the statute, appellate courts should defer to the decision of the trial court which saw and heard the juror and can best perceive bias on the part of the juror. Although the standard of "grossly unqualified" places a greater burden on the moving party than the standard set out in challenging a juror for cause, the latter statute (CPL 270.20) provides some guidance as to the relevant considerations (*People v Meyer, supra*). CPL 270.20 (subd 1, par [b]) provides that a juror may be challenged for cause when he has "a state of mind that is likely to preclude him from rendering an impartial verdict". Although the juror stated that he could put his feelings aside, in both responses, he continued to express disagreement with the prosecutor's approach and refused to respond to the prosecutor's last question. Given these circumstances[*] the court properly discharged the juror and replaced him with an alternate. Additionally, replacing this juror with an alternate did not prejudice defendant in any way (see *United States v Zambito*, 315 F2d 266, cert den 373 US 924; *United States v Persico*, 425 F2d 1375, 1386, cert den 400 US 869). Defendant's constitutional right "to a particular jury chosen according to law, in whose selection he had a voice" was not denied by the substitution of an alternate juror who was chosen in the same manner as the discharged juror (see CPL 270.30). Accordingly, we would affirm the judgment. (Appeal from

---

[*] As stated in the majority memorandum, the better practice would have been to conduct a further inquiry, *in camera,* before discharging the juror; however, defendant should not now be allowed to assert this argument after failing to request further inquiry at the time of the incident and stating that he had no further questions to ask the juror (see *People v Argibay,* 57 AD2d 520, affd 45 NY2d 45).

judgment of Supreme Court, Monroe County, Contiguglia, J. — assault, first degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.