OPINION OF THE COURT
Herman Cahn, J.
Defendant John Perkins (Perkins) moves to set aside the verdict pursuant to CPL 330.30 (subd 1). He claims that the court erred in improperly discharging two jurors, and substituting alternates for them, after they had been sworn but before the commencement of the trial.
THE FACTS
Perkins and his codefendant, Marco Carreras, were indicted in a multicount indictment of various crimes. The top count was robbery in the first degree. Perkins was imprisoned while awaiting trial, while the codefendant was released on bail.
During a recess in the voir dire of prospective jurors, court officers noticed several suspicious actions of the codefendant and of Perkins. An investigation revealed that apparently the codefendant, who was at liberty on bail, was attempting to smuggle contraband to Perkins.
*1061 The codefendant was thereupon arrested and separately charged. The investigation into the suspicious acts delayed the trial. Upon being arrested, the codefendant broke down hysterically and was not able to proceed for several hours, thus delaying the proceedings further. In addition, because of court congestion in the arraignment part the codefendant was not promptly produced and the proceedings were still further delayed while the court waited for his production.
Eight jurors had been chosen prior to the incident. All of them had been told the approximate length of the trial. The incident necessarily delayed proceedings in the case, and the jurors were then told that the case would take longer than had been originally expected. (They were, of course, not told of the reason for the delay.) Four of the jurors complained that the additional time would cause them undue hardship. With the consent of all parties, the court interviewed these jurors about this additional problem, and was convinced that two of the four would indeed not be able to serve the additional time without being subjected to very serious economic consequences. After a complete jury and four alternates had been chosen (but before opening statements were made), these two jurors were excused and two alternates substituted in their place.
THE LAW
The court in these circumstances has the authority to excuse sworn jurors and substitute alternates in their place.
CPL 270.35 states in part as follows: “If at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving * * * or for any other reason is unavailable for continued service * * * the court must discharge such juror.”
The fact that a juror would suffer serious economic hardship by continued service makes such juror unavailable as that term is used by the statute. In the circumstances here present, the two jurors convinced the court, upon being questioned, that each of them would suffer severe hardship by reason of the additional length of the trial and were thus “unavailable”.
*1062 In addition, the court notes that the additional length of the trial was not a situation caused by the People or by happenstance; it was caused by the deliberate act of the codefendant who was trying to smuggle contraband to Perkins. Therefore, Perkins will not now be heard to complain because said jurors were excused and replaced by alternates.
Perkins, in his argument in support of the motions, focuses on that part of CPL 270.35 which permits the court to excuse a juror who is unable to continue serving by reason of “incapacity”. People v Ivery (96 AD2d 712), cited by Perkins, focuses on “grossly unqualified” as a reason for excusing a juror. Here, however, the court did not excuse the jurors on that ground, but rather because of their “unavailability”. The Legislature, by stating this ground as one for which a juror may be excused, afforded the court the option of excusing jurors for whom it would be a great hardship to continue serving. Recognizing the realities of the modern world, where jurors find that they cannot remove themselves indefinitely from their daily pursuits, the Legislature permitted the court to excuse a juror for whom continued service would be unduly harsh. This ground is much broader than the grounds of “incapacity” or “illness”, also contained in CPL 270.35; it is also broader than the ground of “grossly unqualified to serve in the case”.
The legislative intent to give the trial court great discretion in these circumstances is further signaled by the words “or for any other reason is unavailable for continued service.” By using the words “any other reason”, the Legislature clearly signaled its intention to permit the courts great latitude in considering whether a juror has become available.
The court has considered People v West (62 NY2d 708, revg 92 AD2d 620). However, there, the reason that the jurors were excused by the court after the trial had begun was because the court found the particular jurors to be “grossly unqualified to serve in the case.” As has been discussed above, the ground is substantially more narrow than the ground of “unavailable for continued service.”
*1063 The other grounds argued by Perkins in support of his motion have previously been argued by him when he moved to dismiss at the close of the People’s case, and such grounds were not found compelling at that time and are no more compelling now.
The motion is denied.