■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMITH, Appellant.

Defendant argues that the trial court erroneously refused to charge that his half-sister, Rachel Parks, was an accomplice as a matter of law. The evidence adduced at trial indicates that although Parks had no advance knowledge of, and did not participate in, defendant's crimes, she did subsequently hide his gun at his request. Such conduct did not render Parks an accomplice as a matter of law (*see, People v Cobos,* 85 AD2d 893, *affd* 57 NY2d 798).

In this case involving the murder of an off-duty police officer, defendant further argues that the court erred in permitting William Case to be seated as the twelfth juror, as Case was the father of a police detective. Case was the twelfth and final venireman to be sworn. He had never been the victim of any crime. His son is a police detective. However, he indicated that he does not speak to his son very often and does not discuss criminal cases with him. Case indicated that it was "very possible" that his son had made mistakes during his tenure with the police department. He also promised to judge the credibility of police officers impartially and without regard to his son's

status. He indicated that the fact that both his son and the decedent were officers would not render him biased.

Defendant had already exhausted his peremptory challenges by this point. His application to challenge Case for cause was denied. We find that the trial court acted properly here.

It has been noted that: "a challenge for cause may be made on the ground that the juror 'is related within the sixth degree by consanguinity or affinity to the defendant, or to the [victim] * * * or to a prospective witness * * * or to counsel * * * or that he is or was a party adverse to any such person in a civil action; or that he has complained against or been accused by any such person in a criminal action' (CPL 270.20, subd 1, par [c]). In addition to the enumerated relationships, the statute empowers the Trial Judge to identify other suspect relationships. Thus, a venireman may not serve if 'he bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict' (CPL 270.20, subd 1, par [c]; *People v Branch,* 46 NY2d 645, 650)" (*People v Boudin,* 124 Misc 2d 967, 968).

In the case of relationships covered in CPL 270.20 (1) (c), "an expurgatory oath is not available to purge the taint of bias implied by the law from the existence of the relationship" (*People v Provenzano,* 50 NY2d 420, 424). However, as noted by our Presiding Justice, the question of whether a prospective juror has the kind of suspect relationship described above is not always easy to resolve (*People v Harris,* 84 AD2d 63, *affd* 57 NY2d 335).

In *People v Culhane* (33 NY2d 90), the Court of Appeals cited as dictum a footnote in *Sims v United States* (405 F2d 1381, 1384, n 5) that a juror related to a taxi driver should not sit in a case involving the murder of a taxi driver.

This does not mean that a per se rule of disqualification exists in the situation at bar. In *United States v Caldwell* (543 F2d 1333, 1347), the District of Columbia Circuit Court of Appeals clarified its holding in *Sims* (*supra*) by stating that "absent a specific showing of bias, a defendant accused of murdering a police officer is not entitled to a jury free of policemen's relatives". The Second Circuit Court of Appeals has similarly rejected a broad reading of *Sims,* holding that "[t]his court does not choose to create a set of unreasonably constricting presumptions that jurors be excused for cause due to certain occupational or other special relationships * * * where, as here, there is no showing of actual bias" (*Mikus v United States,* 433 F2d 719, 724; *accord, People v Boudin, supra; see also, Smith v Phillips,*

455 US 209; *Dennis v United States,* 339 US 162 [burden on defendant to prove actual bias]).

In the case at bar, where Case did not see his son often, did not discuss police matters with him, stated that his son could make mistakes, and indicated that he could be impartial, we find that the court acted properly in denying defendant's challenge for cause.

We have considered such other of defendant's contentions as have been preserved for our review and find them to be without merit. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.