■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TUFANO, Appellant

During the jury's deliberations, the forelady transmitted a note to the Trial Judge in which it was stated "I think under certain circumstances I don't think I could come to a just decision. I feel, if at all possible, I would like to be excused". After informing counsel of the note, the court determined that

in response it would "merely * * * repeat what [it] had told the jury before they retired for deliberations about considering the evidence and the views of other jurors". Defense counsel objected, arguing that the forelady should "be brought into chambers without the other 11 panelists, and an inquiry ought to be made to determine if we should continue with that juror or * * * consider the substitution of an alternate". The court declined to inquire into the forelady's note, reasoning that if it were to bring in one of the jurors for separate questioning in the midst of deliberations "it would be rather obvious to the other jurors that there is some problem afoot with respect to this one juror". After the court gave its supplemental charge which stressed, in general terms, the duties of a juror in considering trial evidence, defense counsel excepted, arguing that the charge was inadequate and had not even acknowledged receipt of the note.

Error was committed when the Trial Judge failed to conduct an inquiry into the reasons underlying the forelady's expression of doubt as to whether she could reach a "just decision". Upon receiving such a note, it was incumbent upon the court to at least address the forelady out of the presence of the other jurors in order to ascertain if the cause of her apprehension in any sense tainted her ability to remain impartial (cf. People v Pickett, 61 NY2d 773; People v Lawrence, 78 AD2d 702; People v Gordon, 77 AD2d 662). As stated by the Court of Appeals, "[i]t has long been the law in this State that the trial court, in responding to jury inquiries, must give meaningful supplemental instructions" (People v Malloy, 55 NY2d 296, 301, cert denied 459 US 847; cf. CPL 310.30; People v Ahmed, 66 NY2d 307, 312; People v Gonzalez, 293 NY 259, 262). The court's response to the note was insufficient. There can be no assurance that the court's general instruction, which did not even acknowledge receipt of the note, addressed the specific problem which motivated the forelady's communication. Inquiry into the forelady's undisclosed concern about her ability to reach a just decision may well have revealed circumstances materially affecting her impartiality and thus her fitness to further participate in the jury's deliberations (see, e.g., People v Meyer, 78 AD2d 662, 664). The trial court's failure to address the juror now places this court in the untenable position of speculating as to whether the forelady's expression of doubt may have required her discharge and thus whether the defendant's right to a fair trial was prejudiced (cf. People v Pickett, supra). In light of the foregoing, we conclude that the defendant is entitled to a new trial.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Weinstein and Niehoff, JJ., concur. *[See,* 127 Misc 2d 885.]