THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILFREDO RODRIGUEZ, Appellant.

First Department, February 24, 1987

---

**APPEARANCES OF COUNSEL**

*B. Kay Huff* of counsel *(Philip L. Weinstein,* attorney), for
appellant.

*Mary Jane C. Shimsky* of counsel *(Mark Dwyer* with her on
the brief; *Robert M. Morgenthau, District Attorney,* attorney),
for respondent.

**OPINION OF THE COURT**

KASSAL, J.

The issue before us on this appeal is whether, under the unique circumstances of this case, the trial court was required to declare a mistrial or set aside the verdict on the basis of statements of bias or prejudice expressed by one of the jurors during jury deliberations. On review of the entire record, we are persuaded that there was no error in the denial of both motions.

This was a relatively simple, two-day trial on an indictment charging defendant with the sale of heroin to an undercover officer. The transaction was observed by another officer as part of a "buy and bust" narcotics operation.

On the second day of trial, one of the jurors reported sick and was replaced by the first alternate. After the charge and during deliberations, another juror became ill and, on consent, she was excused and the last alternate substituted in her place. Jury deliberations continued until 10:10 P.M. that first evening, when the jury was sequestered for the night. The next morning, when deliberations continued at 11:00 A.M., juror No. 5 requested to be excused "for emotional reasons".

Thereupon, the Trial Justice conducted extensive inquiry in the presence of both counsel, during which the juror stated that, during the trial, on Thursday morning, she had been "bothered, touched, handled by a dark Hispanic man on the subway" and that she was holding it against this defendant, who was also a dark Hispanic. She sought to be excused because she could not "disassociate it * * * it just happened to me, is so fresh in my mind". Recognizing her to be honest in her approach, highly intelligent and perceptive, the court fully discussed the matter with the juror, stating that the sole issue here was whether the narcotics charge had been established beyond a reasonable doubt, the case did not concern "a touching on the subway" and defendant "has no history of touching".

While the juror was of the view initially that the incident was too fresh and could affect her in deliberations, the court persisted in exploring the matter in depth to determine whether there was any actual bias. In doing so, it observed that, with no other alternates to be substituted, it would be "cruel" to both parties, especially the defendant, "to go through the whole process again." The Trial Justice, while fully cognizant of the seriousness of the situation, concluded

that the juror's intelligence and perception should enable her to overcome her "emotional feelings" and decide the case solely on the proof presented.

After a thorough and candid discussion, the juror agreed to return to try to continue deliberations in an impartial manner. After further colloquy with counsel, the court denied defendant's motion for a mistrial, noting that the juror had been open and honest, in such a way that the issue had been intelligently addressed and disposed of to the court's satisfaction and that it would not interfere with defendant's right to a fair trial. In doing so, the Trial Justice noted that, at times, jurors do have unexpressed feelings and prejudices which could influence a verdict but, since they are not openly expressed and confronted, cannot be reconciled to ensure the sanctity of the deliberative process. Under established principles, such unexpressed feelings cannot subsequently be used to impeach a verdict. Here, however, the court concluded that the problem had been cured by an honest and frank discussion in light of the juror's answers.

This juror returned and the jury continued its deliberations without further incident and, about 2½ hours later, returned a guilty verdict, which was confirmed when the jury was polled.

On defendant's motion to set aside the verdict, the court conducted a further hearing, at which the same juror, No. 5, testified that she had been able to resume deliberations without any bias or prejudice and had reached a decision based solely on the evidence. She stated: "From the beginning I had from listening to the facts in the court and everything, had decided in my mind that he was guilty." However, because her fellow jurors had become so emotional in their deliberations, she questioned whether her personal experience was affecting or influencing her and, for that reason, she sought to discuss the matter with the court. Thereafter, when she returned to the jury room, the other jurors were no longer emotional and the deliberations took on a completely different character— "became factual instead of emotional." When questioned as to the prejudice which she had previously confessed to the court, she testified:

"I put it out of my mind, I put that out of my mind and went by the facts and just started dealing directly with the facts * * *

"When I—when I left here—when did I get rid of it—when I

left, I went back—I went back into the deliberation room and listened to the facts. All right? Without feelings, emotion, prejudice or whatever, listened to the facts, listened to the story and we all decided that he was guilty."

Following the hearing, the court held the motion in abeyance since defendant had absconded prior to sentence and a Bench warrant had been issued. Defendant was returned pursuant to the warrant on November 21, 1983 and, thereafter, on February 7, 1984, the court denied the motion, holding that the verdict had not been infected by racial prejudice. It concluded from the testimony that juror No. 5 had reached a decision "based on the facts of the case analyzed in a detached manner with a mind unclouded by the lingering effects of racial prejudice stemming from the subway incident."

On the record, we agree with that determination. The Trial Justice proceeded in proper fashion in conducting a full inquiry or hearing at the time of the incident and postverdict, with both counsel in attendance and out of the presence of the other jurors, in order to ascertain all of the circumstances and to determine whether the juror's state of mind made it impossible for her to render a fair and impartial verdict (see, People v Pickett, 61 NY2d 773, 774; People v Tufano, 124 AD2d 688; People v Rukaj, 123 AD2d 277; People v Lawrence, 78 AD2d 702; People v Argibay, 57 AD2d 520, affd 45 NY2d 45; cf. People v Gordon, 77 AD2d 662, 664; People v Goldfeld, 60 AD2d 1, 10).

The statutory standard provided in CPL 270.35 permits discharge of a juror after the jury has been sworn but before rendition of a verdict on a finding that the juror is "grossly unqualified to serve in the case". It has been recognized that this criterion imposes a greater burden on the moving party than where a juror is challenged for cause (see, People v Ivery, 96 AD2d 712). In our case, it is not dispositive that the Trial Justice conceded that the feelings and views expressed by the juror would have warranted a challenge for cause. The situation is different here, where jury deliberations have begun and no alternates are available, especially considering the heavier burden which the statute imposes in requiring a finding that the juror is "grossly unqualified" to serve (CPL 270.35).

Our review of the transcripts of both hearings, the inquiry conducted by the court during the jury deliberations and the hearing held subsequently, on defendant's motion to set aside the verdict, confirms the propriety of the trial court's decision

to permit the juror to continue deliberations. The juror was forthright, articulate and most candid in her answers, which permitted the court to fully explore and develop the matter, thereby dispelling any potential prejudice. While the Trial Justice did not elicit an express statement from the juror while the deliberations were pending that her prior state of mind would not influence her vote on the verdict and that she would render an impartial verdict based solely on the evidence, as is required (see, People v Torpey, 63 NY2d 361, 367; People v Blyden, 55 NY2d 73, 77-78), this was affirmatively and unmistakably clarified by the transcript of the hearing on the motion to set aside the verdict, at which juror No. 5, clearly and without contradiction, stated that she was not in any way influenced by her prior feelings and her decision was reached solely on the evidence adduced.

Thus, we find no basis for a mistrial. The Trial Justice, in commendable fashion, conducted a searching inquiry with the juror, whose intelligence and perception, as the court noted on several occasions, enabled her to dispel any resulting prejudice from the unrelated subway incident. That this inquiry was successful is clear from the juror's testimony at the postverdict hearing. Contrary to appellant's argument, we find no fault in the procedure followed by the Trial Justice.

While the Court of Appeals recognized in People v Blyden (supra), that an expression of prejudice against minorities, based upon particular incidents, would be grounds for the exercise of a challenge for cause, disqualification would not result where the juror, in unequivocal terms, stated that his prior state of mind would not influence him and that he could render an impartial verdict based solely on the evidence (People v Blyden, supra, at pp 78-79; see also, People v Torpey, supra, at p 367). It has also been recognized that even where a juror has formed an opinion as to guilt or innocence, he is not, for that reason, disqualified if he honestly believes that it will not affect his verdict (People v Goldfeld, supra, at p 10; see also, People v Ivery, supra). In our view, this measuring rod of fairness and objectivity was satisfied here.

Applying the statutory standard and considering the record as a whole, we find no error in the court's refusal to declare a mistrial or set aside the verdict. While the juror initially expressed some feelings of bias and prejudice which might have impinged the integrity of the deliberative process, it clearly appears that the court succeeded in removing any destructive influence and the juror, quite candidly, acknowl-

edged that her decision was based solely on the evidence, not on any preexisting prejudice. Thus, there was no denial of defendant's right to a fair and impartial trial *(cf. People v Horney,* 112 AD2d 841).

Accordingly, the judgment, Supreme Court, New York County (Livingston L. Wingate, J.), rendered February 17, 1984, which convicted defendant following a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and the seventh degrees and sentenced him, as a predicate felon, to two concurrent terms of 4½ to 9 years on the sale and third degree possession counts, and a concurrent definite term of 1 year on the seventh degree possession count, should be affirmed.

SANDLER, J. P., SULLIVAN and MILONAS, JJ., concur.

Judgment, Supreme Court, New York County, rendered on February 17, 1984, unanimously affirmed. Motion by defendant for leave to file a *pro se* supplemental brief and for other relief denied.