■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JESSIE LEE DUNLAP, Also Known as ABBAS A. KALONJI, Respondent.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was tried for the commission of a forcible sexual attack upon a 20-year-old female. Testimony concluded and the trial was recessed for the weekend. On Monday, a juror notified the court that he had a problem. The court interviewed the juror in camera in the presence of counsel. The juror stated that defendant's mother, who was the last defense witness, worked in the same building at General Motors as he did and was a fellow union member. For this reason, he had a negative feeling about sitting as a juror even though he twice stated that it would not affect his duties as a juror and was not concerned about any repercussions. The court excused this juror. A second juror then advised the court that he was a supervisor at General Motors. This juror was also interviewed in camera and related that he did not know defendant's mother, was not her supervisor, and apparently did not work on the same shift. Nevertheless, he felt uncomfortable and indicated that it was possible that there could be some trouble with the union or with another relative. The court excused both jurors over defendant's objection and replaced them with alternates. That was error.

Once the jury has been sworn, a juror may be excused only if he is "grossly unqualified" or has engaged in misconduct of a substantial nature (CPL 270.35). The burden of demonstrating that a juror is grossly unqualified is much greater than that required to challenge a prospective juror for cause *(People v Buford,* 69 NY2d 290, 298; *People v Ivery,* 96 AD2d 712). This greater burden is satisfied only "when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" *(People v West,* 92 AD2d 620, 622 [Mahoney, P. J., dissenting], *revd on dissenting opn below* 62 NY2d 708, *rearg denied* 65 NY2d 1054). "In concluding that a juror is grossly unqualified, the court may not speculate as to possible partiality of the juror based on her equivocal responses. Instead, it must be convinced that the juror's knowledge will prevent her from rendering an impartial verdict" *(People v Buford,* 69 NY2d 290, 299, *supra).* The mere fact that the juror is a co-worker of a defense witness or relative or personally knows a witness is not a sufficient basis for disqualification *(People v McIntryre,* 121 AD2d 565, *lv denied* 68 NY2d 771; *People v O'Connor,* 106 AD2d 900). The relationship must be of such nature that would prevent the rendering of an impartial verdict *(People v Ivery,* 96 AD2d 712, *supra).*

The first juror unequivocally stated on two occasions that his discomfort would not affect his ability to render an impartial verdict and further stated that he was not concerned about any repercussions. The second juror was never asked if he could decide the facts impartially. In each instance, the court made no finding that the juror could not be impartial. We conclude that the court erred by excusing each juror without a factual demonstration that the juror was grossly unqualified (see, People v Buford, 69 NY2d 290, supra). (Appeal from judgment of Onondaga County Court, Auser, J.—rape, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.