OPINION OF THE COURT
Herbert Kramer, J.
During voir dire, a juror stated that he could not read the jury questionnaire. The court then orally inquired. Neither counsel questioned the juror on his ability to read. No challenge was made for cause. No peremptory challenge was made and the juror was selected and sworn.
The trial consisted of oral testimony but for a revolver and a subway map issued by the Transit Authority. After charge, as the jury was entering to deliberate, the court clerk notified the court ex parte that the juror in question had asked a court officer for a number of slips with the words "Guilty” on some *183 and "Not Guilty” on others. He was able to discern the variable by the number of words on the slip. The court directed that the jury not begin deliberations and called the sworn juror to the courtroom. The court questioned the juror in the presence of the attorneys and the defendant, giving the attorneys an opportunity to inquire.
The juror testified and the court finds that the juror, in fact, did not fill in the jury questionnaire by himself but through the offices of a friend. This juror was native born and had no difficulty understanding and communicating with this court and indicated that he had no problem comprehending the trial testimony. He was able to read and comprehend the subway map, the only written evidence introduced at trial, and did in fact, utilize subway maps during the course of his own travels through the subway system.
The court found that this juror was fully competent to determine this case.
A motion was made by the defense at that point to discharge this juror for cause, and declare a mistrial, which was denied. The defendant refused the opportunity to replace the juror with an alternate and then again moved for the discharge of this juror and a mistrial; said motions were denied for the hereinafter reasons.
DISCUSSION
Judiciary Law § 510 (5) requires that a juror: be intelligent, of good character, able to read and write the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification questionnaire and be able to speak the English language in an understandable manner.[1]
Challenge for cause is the appropriate method for objection to a prospective juror on the ground that "[h]e does not have the qualifications required by the judiciary law” (CPL 270.20 [1] M).
In the case at bar, at the time the juror indicated an inability to read, both attorneys had an opportunity to ques *184 tion his statement. Their failure to do so and to timely challenge for cause this juror’s technical qualification which did not affect the juror’s fairness or competence to serve as a juror constitutes a waiver. (People v Foster, 100 AD2d 200 [2d Dept 1984], mod on other grounds 64 NY2d 1144 [1985], cert denied 474 US 857 [1985]; CPL 270.15 [4].[2])
A party has a duty to make further inquiry when put on notice of a potential disqualifying statement by a juror. In Foster (supra), the court held that failure to inquire of jury service within a two-year period is a waiver of a subsequent determination after trial. Similarly, this court finds that failure to inquire and challenge this juror constitutes a waiver of defendant’s right to challenge this juror for cause absent gross disqualification. The policy reason, although not expressly stated, requires a diligent inquiry by the attorneys at the earliest opportunity, akin to the Federal statute, once put on notice of a potentially disqualifying statement by a juror, or the challenge is deemed waived. (Cf., People v Ellis, 54 AD2d 1052 [1976].)
The United States Court of Appeals, Second Circuit, in United States v Silverman (449 F2d 1341 [1971]) held that there is no actual prejudice to defendant where a juror who had no difficulty understanding the oral testimony, but was unable to read English, was included in the jury panel.
The standard for disqualification of sworn jurors appears to be dealt with differently on the State and Federal level. The Federal statute looks at prejudice to the defendant while the State law speaks of the juror’s gross disqualification. The actual test used, however, is similar.
CPL 270.35 sets the standard for excusing a sworn juror as "grossly unqualified”. The juror must be found to be, after a factual inquiry, unable to deliberate fairly and possess " ' "a state of mind which would prevent the rendering of an impartial verdict” ’ ”(People v Cargill, 70 NY2d 687, 688 [1987]), or engaged in misconduct of a substantial nature. The burden of demonstrating that a juror is grossly unqualified is much greater than that required to challenge a prospective juror for cause. (People v Buford, 69 NY2d 290 [1987].)
The court in Silverman (supra) stated that based on the applicable Federal statute, it would reverse, where the dis *185 qualification might have adversely affected the juror’s ability to decide the case intelligently. Similarly, the State appellate courts look at the sworn juror’s fairness and competence to sit on the case.
The Silverman court notes that defendant’s failure to timely object to a potential disqualification prevents a trial court from having the exhibits read to the sworn deliberating juror who was unable to read, diffusing any incompetence to sit on the case, although the juror lacked a technical qualification.
Similarly, the Fifth Circuit in Ford v United States (201 F2d 300 [1953]) stated that where an objection to a juror was not actual prejudice but statutory disqualification, the disqualification is waived by failure to timely assert.
In the case at bar, there is no question but that this juror would have been dismissed for cause at voir dire upon appropriate challenge. However, once a juror is sworn there is a separate standard under the law for that juror’s removal. The State law requires that a juror be not merely unqualified but grossly unqualified (People v Cosmo, 205 NY 91; People v Ivery, 96 AD2d 712 [1983]; People v Dunlap, 132 AD2d 953 [1987]; CPL 270.35).
The courts have been scrupulous in applying the gross disqualification standard in cases of sworn jurors, and finding technical disqualifications waivable (citizenship and residence waivable, prior jury service waivable: People v Foster, supra).
This court holds that the elevation from prospective to sworn juror operates as a waiver of all juror defects not constituting "gross disqualification” and which by diligent inquiry could have been discovered.
Further, this court holds that where an objection to a sworn juror relates not to prejudice or incompetence but to technical statutory disqualifications, such disqualifications are waived for failure to assert.

. Judiciary Law § 511 lists the technical disqualifications of jurors, e.g., members in active service in the Armed Forces, elected officials, Judges, and persons who have served on a jury within two years.
Similarly, 28 USC § 1865 (b) (2) provides: "the chief judge * * * shall deem any person qualified to serve * * * unless he * * * (2) is unable to read, write, and understands the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form”.

. CPL 270.15 (4) states: "A challenge for cause of a prospective juror which is not made before he is sworn as a trial juror shall be deemed to have been waived”.