■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN OLMO, Appellant. [686 NYS2d 325] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Price, J.), rendered October 28, 1997, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While the defendant has a right "to a particular jury chosen according to law, in whose selection he has had a voice" (*People v Ivery,* 96 AD2d 712), the trial court has broad discretion to control the jury selection process, including the power to excuse prospective jurors (*see, People v Vargas,* 88 NY2d 363; *People v Velasco,* 77 NY2d 469; *People v Wilson,* 106 AD2d 146, 149). Here, contrary to the defendant's contention, the trial court's determination to excuse two prospective jurors because of personal obligations preventing them from serving during trial, made after a full inquiry in which the prosecutor and defense counsel participated, was not an improvident exercise of discretion.

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.