■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER JENKINS, Appellant. — Judgment, Supreme Court, Bronx County (Goldfluss, J.), rendered December 3, 1979, convicting defendant upon a jury verdict of robbery in the second degree, and sentencing him as a second felony offender to a term of 6½ to 13 years, affirmed. Defendant and codefendant Ronald Johnson were indicted for a supermarket robbery which involved a pursuit by the police and an exchange of gunfire between the police officers and the robbers. This court reversed the conviction of codefendant Ronald Johnson (*People v Johnson*, 89 AD2d 506), the majority finding that failure to exclude a juror "may be considered error" where a challenge for cause directed against a juror whose son was a police officer was denied. In addition, the majority concluded (p 506) that the exclusion by the court of photographic evidence offered by defendant of one Smith, a deceased individual who allegedly confessed to perpetration of the same crime also "may have been error". The third factor relied on by the court in *People v Johnson* (*supra*), was that the charge shifted the burden of proof as to the alibi defense offered by the codefendant. In *Johnson*, the cumulative effect of the errors was held to require a new trial, even though no one of the *"possible* errors would warrant a reversal" (p 506; emphasis added). In addition, one Justice concurred "on the sole ground that the charge on the alibi defense improperly shifted the burden of proof to the defendant" (*People v Johnson, supra*, p 506 [Murphy, P. J., concurring]). In the instant case, the burden-shifting alibi charge, the most serious of the trial flaws and the sole ground upon which one member of this court thought reversal of the codefendant's conviction was warranted, did not apply to appellant herein, and could not have affected his conviction. The cumulative effect of possible errors which required a new trial in *People v Johnson* (*supra*) is thus absent in the present case. We have examined the remaining contentions raised by appellant and find them to be without merit. Concur — Sullivan, J. P., Ross, Carro, Asch and Milonas, JJ.