**Alexander JENKINS,**
**Petitioner-Appellant,**

v.

**Philip COOMBE, Jr.,**
**Respondent-Appellee.**

**No. 844, Docket 86–2420.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 23, 1987.

Decided June 17, 1987.

Thomas F. Liotti, Carle Place, N.Y., John J. Marshall, Jr., Long Island, New York, of counsel, for petitioner-appellant.

Robert Abrams, Atty. Gen., Maryellen Weinberg, Frederick S. Cohen, Asst. Attys. Gen., New York City, of counsel, for respondent-appellee.

Before CARDAMONE and MINER, Circuit Judges, and POLLACK, District Judge.*

MINER, Circuit Judge:

Alexander Jenkins appeals from a judgment of the United States District Court for the Southern District of New York (Conner, J.) denying his petition for a writ of habeas corpus.

On December 3, 1979, Jenkins was sentenced to an indeterminate term of imprisonment of six and one-half to thirteen years, following his conviction upon a jury verdict for robbery in the second degree in the Supreme Court, Bronx County. The Appellate Division affirmed the conviction in a memorandum opinion, *People v. Jenkins,* 91 A.D.2d 557, 457 N.Y.S.2d 36 (1st Dep't 1982) (mem.), and the New York Court of Appeals denied leave to appeal, *People v. Jenkins,* 58 N.Y.2d 975, 460 N.Y.S.2d 1034, 447 N.E.2d 94 (1983).

Jenkins thereafter filed the instant petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. The writ was denied and the petition was dismissed by Judge Conner in an Opinion and Order, which included a certificate of probable cause, issued on October 24, 1986. Because we conclude that Jenkins was denied the effective assistance of counsel in connection with the prosecution of his appeal to the Appellate Division, we reverse and grant the writ conditionally.

## BACKGROUND

The indictment against Jenkins and Ronald Johnson, his co-defendant, charged various crimes arising from the armed robbery of a Food City Supermarket in the Bronx and a subsequent exchange of gunfire with pursuing police officers. Specifically, each of the alleged participants was accused of attempted murder in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree. Both were convicted only of robbery in the second degree, and the sentences they received were identical—six and one-half to thirteen years.

Represented by assigned counsel on his appeal to the Appellate Division, Ronald Johnson asserted that there were three errors in his trial: (1) denial of a challenge for cause of a juror whose son was a police officer; (2) an erroneous jury instruction requiring him to bear the burden of proof as to his alibi defense; and (3) refusal of an evidentiary offer of two photographs of a person who purportedly had confessed to the crimes subject of the indictment. In directing a new trial for Johnson, the Appellate Division concluded that "[w]hile perhaps no one of the afore-mentioned possible errors would warrant a reversal, the cumulative effect requires a new trial." *People v. Johnson,* 89 A.D.2d 506, 506, 452 N.Y.S.2d 53, 54 (1st Dep't 1982). Concurring in the opinion, the Presiding Justice of the Appellate Division found it sufficient ground for the reversal "that the charge on the alibi defense improperly shifted the burden of proof to the defendant." *Id.*

The attorney originally assigned to represent Jenkins on appeal was relieved as counsel because of a conflict of interest arising from his representation of Johnson. The Court appointed another attorney to represent Jenkins, and that attorney moved to be relieved as appellate counsel approximately six months after his assignment to the case. The motion was denied, and the attorney thereafter filed what was described by the District Court as "a clearly inadequate five-page brief." App. at 8. The brief contained but one Point, wherein it was argued that the evidence did not establish guilt beyond a reasonable doubt. The Point consisted of three paragraphs attacking the testimony identifying Jenkins as a perpetrator.

* Of the United States District Court for the Southern District of New York, sitting by designation.

After the brief was filed, Jenkins lodged a complaint against his attorney with a bar association grievance committee, whereupon the attorney moved to be relieved from the assigned representation. The application was granted, but the Appellate Division failed to appoint substitute counsel to pursue the appeal. Jenkins then filed a 51–page supplemental pro se brief, in which he advanced the same three arguments that had proved successful for his co-defendant plus two others: employment of suggestive identification procedures and deprivation of effective assistance of appellate counsel.

In affirming Jenkins' conviction, the Appellate Division wrote the following:

In the instant case, the burden-shifting alibi charge, the most serious of the trial flaws and the sole ground upon which one member of this court thought reversal of the codefendant's conviction was warranted, did not apply to appellant herein, and could not have affected his conviction. The cumulative effect of possible errors which required a new trial in *People v. Johnson, supra,* is thus absent in the present case. We have examined the remaining contentions raised by appellant and find them to be without merit.

*Jenkins,* 91 A.D.2d at 557, 457 N.Y.S.2d at 36–37. The motion for leave to appeal to the Court of Appeals was denied without opinion. *Jenkins,* 58 N.Y.2d 975, 460 N.Y.S.2d 1034, 447 N.E.2d 94.

Having exhausted his state judicial remedies, Jenkins filed a petition for a writ of habeas corpus in the Southern District, asserting four grounds for relief: deprivation of a fair trial by reason of denial of challenges to three prospective jurors for cause; unreliable identification testimony, resulting in the failure of proof of guilt beyond a reasonable doubt; exclusion of a photograph of a person who purportedly had confessed to the crimes charged against Jenkins; and denial of effective assistance of appellate counsel. The district judge rejected each of these contentions, holding that Jenkins was tried before a fair and impartial jury; that the identifi-

cation procedures were not suggestive and, even if they were, there was sufficient independent proof of identification; that the trial court's error in excluding the proffered photographic evidence did not deprive Jenkins of a fair trial; and that Jenkins' appeal was not prejudiced by the deficient performance of his appellate counsel.

The district court gave the following reasons for its finding that Jenkins suffered no prejudice by reason of inadequate representation:

[I]n addition to his attorney's brief, Jenkins submitted to the Appellate Division a 51–page pro se supplemental brief. In this brief, Jenkins raised the three arguments that had won his co-defendant a reversal. The brief presented these points very skillfully; indeed, it appears that Jenkins copied these portions of his brief from his co-defendant's attorney's brief. Thus, with respect to what were probably his two strongest points on appeal, Jenkins had the benefit of effective assistance of counsel, even though it was not his own counsel.

In addition, Jenkins supplemented the argument raised in his attorney's brief that the evidence did not establish his guilt beyond a reasonable doubt. He also argued that Ferrara's and Griffin's identification testimony was unreliable and that he had been denied effective assistance of appellate counsel. While these last two arguments were not as expertly presented as the points borrowed from Johnson's attorney's brief, they were reasonably articulate and contained citations to the relevant law. From my own review of the trial transcript, the supplemental brief appears to have raised all of the colorable issues Jenkins had on appeal. Thus, Jenkins, as a result of his own resourcefulness, avoided any prejudice that would have resulted from his appellate counsel's poor performance.

App. at 26.

On appeal, Jenkins argues only that he was denied the assistance of appellate counsel. We agree.

## DISCUSSION

█ The fourteenth amendment affords a criminal defendant the right to counsel on a first appeal as of right from a judgment of conviction in a state court. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Due process is offended if the attorney does not provide effective assistance for the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985). In *Evitts,* an appeal filed with the Kentucky intermediate appellate court was dismissed as a consequence of the failure of retained counsel to comply with a procedural rule necessary to perfect a first appeal as of right. In affirming the grant of a writ of habeas corpus, the Supreme Court held:

> An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

*Id.* at 396, 105 S.Ct. at 836.

█ A standard of reasonably effective assistance has been established for the performance of the duties of counsel for the defense in a criminal case. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To justify the reversal of a conviction on a claim of defective assistance, a convicted defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, *id.,* and (2) a reasonable probability of a different result in the proceeding but for the errors of counsel, *id.* at 694, 104 S.Ct. at 2068.

The district court applied the *Strickland* analysis in denying the writ in this case. Finding the brief submitted by Jenkins' appellate counsel "paltry," App. at 23, and "so deficient that it was inexcusable," *id.* at 25, the district court held the first prong of *Strickland* satisfied. The court also held, however, that there was no showing of prejudice and therefore no satisfaction of the second prong of the *Strickland* test, owing to Jenkins' "resourcefulness" in putting together a supplemental brief covering all the salient arguments that could be made on appeal. In the district court's view, the deficient work of Jenkins' attorney had no bearing on the outcome of the appeal.

We think that the *Strickland* test is inapplicable in the circumstances of this case because Jenkins had no counsel or, at best, nominal counsel to represent his interests on the state appeal. *Evitts,* 469 U.S. at 396, 105 S.Ct. at 836. The test makes sense only when a defendant has an attorney assigned or retained to take charge of his defense. Here, Jenkins' appointed attorney was removed before his appeal was submitted to the appellate court for decision, and no replacement ever was assigned. Jenkins thereupon was constrained to represent himself, despite the clear duty of the state court to afford him adequate and effective representation for his first appeal as of right. *Cf. Robinson v. Black,* 812 F.2d 1084 (8th Cir.1987) (new appellate counsel required where *Anders* brief was inadequate to show favorable side of defendant's arguments).

█ It is not sufficient to say, as the district court did, that, by virtue of copying portions of the brief submitted by his co-defendant's attorney, "Jenkins had the benefit of effective assistance of counsel, even though it was not his own counsel." App. at 26. Although Jenkins was able to raise two points in addition to those successfully advanced by his co-defendant's counsel, it is quite possible that an attorney would have found other arguments or would have been more articulate in the presentation of the case on appeal. "[N]either a review of the record by the Appellate Division nor a *pro se* brief can substitute for the single-minded advocacy of appellate counsel." *People v. Casiano,* 67 N.Y.2d 906, 907, 492 N.E.2d 1224, 1225, 501 N.Y.S.2d 808, 808 (1986) (citation omitted).

It is not necessary, however, to speculate on the type of assistance that could have been provided by effective appellate counsel or on the possible outcome of the appeal had counsel advanced all possible arguments. It is sufficient for our determination of the instant appeal to say that there was constitutional error on the part of the state appellate court in undertaking to entertain Jenkins' appeal without providing him with effective appellate counsel.

## CONCLUSION

The judgment of the district court is reversed, with directions to grant the writ of habeas corpus unless, within ninety days, the Appellate Division, First Department, appoints appellate counsel and allows the prosecution of a new appeal.