Shaykh Matulu ABDURRAHMAN,
Petitioner–Appellant,

v.

Robert HENDERSON, Warden,
Respondent–Appellee.

No. 66, Docket 89–2010.

United States Court of Appeals,
Second Circuit.

Argued Dec. 11, 1989.

Decided Feb. 23, 1990.

Eleanor Jackson Piel, New York City, for petitioner-appellant.

Linda Cantoni, Asst. Dist. Atty., Brooklyn, N.Y. (Elizabeth Holtzman, Dist. Atty., Kings County, N.Y., Barbara D. Underwood, Asst. Dist. Atty., Brooklyn, N.Y., of counsel), for respondent-appellee.

Before TIMBERS, PIERCE and MINER, Circuit Judges.

MINER, Circuit Judge:

Shaykh Matulu Abdurrahman appeals from an order of the United States District Court for the Eastern District of New York (Dearie, J.), dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982) on the ground that he failed to exhaust available state remedies.  The

district court determined that Abdurrahman had not raised the claims of ineffective assistance of appellate counsel and involuntary waiver of jury trial in the state court, thus barring federal habeas review.

Abdurrahman contends that these claims were raised in a supplemental brief submitted *pro se* to the Appellate Division of the New York State Supreme Court and were rejected. *See People v. Abdurrahman*, 135 A.D.2d 721, 522 N.Y.S.2d 621 (2d Dep't 1987), *leave to appeal dismissed*, 72 N.Y.2d 915, 532 N.Y.S.2d 849, 529 N.E.2d 179 (1988). He has since abandoned the jury waiver claim. He asserts the district court erred in dismissing his petition and maintains that the inadequacy of his appellate counsel's representation constituted a denial of due process. We hold Abdurrahman exhausted his state court remedies; however, we deny the writ, finding his ineffective assistance of counsel claim to be without merit.

## BACKGROUND

Abdurrahman was arrested by New York City Police Officer Sellers Wilson and his partner on November 1, 1984, after Nelly Pellot notified the police that she had seen Abdurrahman, who was wanted for a shooting she had witnessed two months earlier. Wilson recovered a .32 caliber gun from Abdurrahman after a "stop and frisk" search.

Abdurrahman, Wilson and Pellot testified at a hearing on Abdurrahman's motion to suppress the revolver and certain post-arrest statements. It appears that Pellot called the police and gave a description of the man she had seen, knowing he was wanted for an earlier shooting. Wilson and his partner responded to the call and noticed Abdurrahman standing in front of 418 Montauk Avenue, Brooklyn. They then spoke with Pellot, who described the person she had seen as a bearded black man wearing a turban and a blue outfit with a brown vest. Either during the initial phone call or during the conversation with Wilson, Pellot stated that the man usually carried a gun.

When Wilson left Pellot's apartment building, Abdurrahman was no longer outside. The officers waited in their car across from 418 Montauk and eventually saw Abdurrahman, who fit the description given by Pellot, leaving 418 Montauk. As Wilson approached Abdurrahman, he noticed a bulge in the pocket of his blue robe. After identifying himself and ordering Abdurrahman to raise his hands, Abdurrahman moved frenetically around as if he was going through his pockets. A subsequent "quick frisk" uncovered a .32 caliber gun in the same pocket where Wilson had noticed the bulge. After Abdurrahman was given *Miranda* warnings, he stated on videotape that he carried the revolver for his own protection. The New York State Supreme Court denied the motion to suppress the revolver and the post-arrest statements.

Abdurrahman executed in open court a written waiver of his right to a jury trial. He subsequently was tried for Criminal Possession of a Weapon in the Third Degree, under New York Penal Law § 265.02[4] (McKinney 1989). By way of offer of proof, Abdurrahman proposed to testify that his unlawful possession of the gun was necessitated by threats previously made against him by a man named Colon. Although Colon was in prison, Abdurrahman still felt threatened by Colon's family. The trial judge rejected the justification defense on the ground that there was no imminent threat of harm. The court found Abdurrahman guilty of the possession charge and sentenced him to a term of imprisonment of 2½ to 5 years as a second felony offender.

On his state appeal, Abdurrahman considered the excessive punishment claim raised by his appointed counsel to be "frivolous." He therefore filed a supplemental brief *pro se*, which included a fourth amendment claim alleging the absence of probable cause for the search and subsequent arrest. The appellate division affirmed the conviction, rejecting the excessive punishment and fourth amendment claims and dismissing his other claims as meritless. *People v. Abdurrahman*, 135 A.D.2d 721, 522 N.Y.S.2d 621 (2d Dep't

1987), *appeal dismissed,* 72 N.Y.2d 915, 532 N.Y.S.2d 849 (1988).

Abdurrahman then filed this *pro se* habeas petition in the United States District Court for the Eastern District of New York, raising, inter alia, denial of effective assistance of appellate counsel, involuntary waiver of his right to a jury trial, and lack of probable cause for the frisk search. The court dismissed his petition, finding that the ineffective assistance of appellate counsel and the jury waiver claims had not been raised in state court.

On appeal to this court, Abdurrahman asserts that he raised the claim of ineffective assistance of appellate counsel in his supplemental brief to the appellate division. Specifically, he highlights the passage which stated:

"Unfortunately I still had to put in a supplementary brief because of Lawyer brief that seem not to address himself to the minute of trial transcript and constitutional issue which I can not see as harmless error *Stickland v Washington.* [sic]"

He further notes that he has since abandoned his jury waiver claim on his appeal to this court.

## DISCUSSION

Abdurrahman contends that the district court erred in dismissing his petition for a writ of habeas corpus because he adequately raised a claim of ineffective assistance of appellate counsel in his supplemental brief to the appellate division.[1] In support of his position, he highlights the appellate division's dismissal of his "remaining contentions," *Abdurrahman,* 135 A.D.2d at 721, 522 N.Y.S.2d at 622, assuming those to include, inter alia, the ineffective assistance of counsel claim.

■ A habeas petitioner must have "fairly presented" to the state court any claim raised in a subsequent federal petition. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The state court may be alerted to constitutional claims by reliance on federal and state cases "employing constitutional analysis," asserting particulars that highlight a constitutional right, or alleging facts "within the mainstream of constitutional litigation." *Daye v. Attorney Gen. of the State of New York,* 696 F.2d 186, 194 (2d Cir.1982) (in banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). "[A]ll of the essential factual allegations asserted in [the] federal [habeas] petition" must have been asserted in state court to provide an opportunity for that court to hear the claim. *Id.* at 191.

■ Although inartfully raised, we find that Abdurrahman's citation to *"Strickland v. Washington"* in the supplemental brief, obviously a reference to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adequately alerted the state court to his constitutional claim. *See Daye,* 696 F.2d at 196, 194. Adherence to exhaustion principles does not require a petitioner to raise his claims "by citing chapter and verse" of hornbook law; it simply mandates that the state be given a fair opportunity to hear the claim. *See id.* Both the state and federal courts are familiar with due process claims grounded on inadequate representation. By citing the seminal case, raising the standard for review of such a claim, and stating that he filed a supplemental brief because he believed his attorney raised a "frivolous" claim, Abdurrahman afforded the state court both notice and a fair opportunity to review his claim. We hold that on these facts, Abdurrahman raised the essential allegations in support of his claim and therefore properly exhausted his state court remedies. Since

---

1. Although Abdurrahman initially stated that he properly raised a claim based on involuntary waiver of his right to a jury trial, he expressly states that this claim "has now been abandoned." While a habeas petitioner should ordinarily return to the district court upon abandonment of unexhausted claims, we find "no useful purpose would be served by refusing to hear the appeal until after a remand to the district court for entry of an amended petition excluding those claims." *Rock v. Coombe,* 694 F.2d 908, 914 (2d Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 345 (1983); *see also Grady v. LeFevre,* 846 F.2d 862, 865 (2d Cir. 1988).

the record for review is adequate,[2] we find no reason to remand the case to the district court. *Cf. Pullman–Standard v. Swint,* 456 U.S. 273, 292, 102 S.Ct. 1781, 1792, 72 L.Ed.2d 66 (1982).

A defendant challenging his conviction based on a claim of inadequate representation bears the burden of showing that his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064, and that but for this error, there is a "reasonable probability" the outcome would have been different, *id.* at 694, 104 S.Ct. at 2068. Although the *Strickland v. Washington* test was enunciated in the context of a claim of inadequate representation arising from an attorney's performance at trial, it is also applicable to claims directed to appellate representation. *See Miller v. Keeney,* 882 F.2d 1428, 1433–34 (9th Cir.1989); *cf. Cantone v. Superintendent,* 759 F.2d 207, 218 n. 19 (2d Cir.), *cert. denied,* 474 U.S. 835, 106 S.Ct. 109, 88 L.Ed.2d 89 (1985).

■ Abdurrahman asserts that he did not receive adequate representation on his state appeal because his attorney raised only an excessive punishment claim and should have raised additional claims, including lack of probable cause for the search and arrest. Thus, he contends that the *Strickland v. Washington* test is inapplicable because, for the most part, he was forced to proceed without the assistance of appellate counsel. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988); *Jenkins v. Coombe,* 821 F.2d 158, 161 (2d Cir.1987) (citing *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985)), *cert. denied,* 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988).

In *Jenkins,* we found that the *Strickland v. Washington* test did not apply because the appellant received, "no counsel or, at best, nominal counsel" on his state appeal. There, the appellant submitted a *pro se* brief after his appointed counsel was removed prior to the appeal and no replacement was assigned. *Jenkins,* 821 F.2d at 161. Similarly, the Supreme Court has affirmed the grant of a writ of habeas corpus where a petitioner's state appeal was foreclosed because of a procedural error on the part of appellate counsel. *Lucey,* 469 U.S. at 389–90, 396, 105 S.Ct. at 832–33, 836.

Although Abdurrahman raised all but one of the claims *pro se,* counsel represented him throughout the state proceedings and apparently refused to raise any claims other than the excessive punishment claim. Every non-frivolous claim need not be urged if "counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); *accord Cantone,* 759 F.2d at 218. Accordingly, we reject Abdurrahman's contention that the *Strickland v. Washington* test should not apply, finding he received more than nominal representation during the state appeal. *Jenkins,* 821 F.2d at 161.

■ Assuming that counsel's representation fell below an objective standard of reasonableness for failure to raise in the appellate division the issue of probable cause for seizure of the gun, Abdurrahman fails to demonstrate any reasonable probability that the outcome of his appeal would have been different. Officer Wilson was given an accurate description by Pellot, who two months earlier had witnessed a shooting involving Abdurrahman. He also learned from Pellot that Abdurrahman usually carried a gun. When Wilson first saw Abdurrahman he noticed a bulge in his pocket. As Wilson approached Abdurrah-

---

**2.** Although due process claims based upon inadequate representation should normally be raised by a writ of error *coram nobis* in state court, *People v. Bachert,* 69 N.Y.2d 593, 595–96, 509 N.E.2d 318–19, 516 N.Y.S.2d 623, 624 (1987), this route need not be followed where, as here, the record is adequate for review, *id.* at 599, 509 N.E.2d at 321–22, 516 N.Y.S.2d at 626–27; *see*

*People v. Vasquez,* 70 N.Y.2d 1, 509 N.E.2d 934, 516 N.Y.S.2d 921 (1987) (per curiam). The supplemental brief set forth Abdurrahman's objection to the perfunctory nature of counsel's brief which, in fact, was the basis of Abdurrahman's claim that he was denied assistance of effective appellate counsel and was one of several claims raised directly attacking his conviction.

man and identified himself, he observed Abdurrahman move his hands frantically through his pockets. Based on the information received from Pellot and Wilson's own observations, the "stop and frisk" was proper, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *People v. Francis*, 108 A.D.2d 322, 489 N.Y.S.2d 166 (1st Dep't 1985), and there is no reasonable probability that the conviction would have been reversed for failure to suppress the gun.

Abdurrahman recognizes that the motion to suppress the weapon was denied after a full and fair hearing and ultimately was affirmed by the appellate division after he raised the issue in a *pro se* supplemental brief. We hold that even if these claims had been raised by an attorney instead of by Abdurrahman in his *pro se* supplemental brief, the outcome of the state appeal would not have been affected. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068.

### CONCLUSION

The order of the district court is affirmed.