104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Roger Bruce ROBARE, II, Petitioner-Appellant,
v.
Louis L. MANN, Superintendent, Respondent-Appellee.
 No. 95-2529.
 United States Court of Appeals, Second Circuit.
 Nov. 12, 1996.
 
 APPEARING FOR APPELLANT:J. Scott Porter, Syracuse, N.Y.
 APPEARING FOR APPELLEE:Darrell M. Joseph, Asst. Atty. Gen., Office of the N.Y. State Atty. Gen., New York, N.Y.
 N.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, CARDAMONE, and McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Petitioner Roger Bruce Robare, Jr., appeals from the July 6, 1995, order of the District Court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Robare makes two contentions on appeal: (1) that the ex post facto violation in the original jury charge requires the reversal of his conviction for attempted sodomy, and (2) that he was deprived of effective assistance of appellate counsel because his attorney failed to raise all colorable claims in his application for leave to appeal to the New York Court of Appeals.
 
 
 4
 Robare was indicted in August 1983 on three counts: robbery in the first degree, attempted sodomy in the first degree, and assault in the third degree. In July 1983, when the incident in question took place, "forcible compulsion"--an essential element of the sodomy offense--could be established by a showing of either (i) the exertion of physical force placing the victim in fear of immediate death or serious physical injury, or (ii) the making of a threat placing the victim in fear of immediate death or serious physical injury. One week after the commission of the offense, and approximately two months before the trial, the meaning of "forcible compulsion" was amended by the state legislature. Thereafter, this element could be established by a showing of either (i) the exertion of physical force, or (ii) the making of a threat placing the victim in fear of immediate death or physical injury. The change dropped the victim's fear from the first alternative for establishing compulsion and dropped the requirement that the injury be "serious" from the second alternative.
 
 
 5
 Robare was tried before a jury in October 1983. In his instructions to the jury on the attempted sodomy count, the trial judge employed the amended, less demanding definition of forcible compulsion instead of the definition existing at the time of the offense. There is no indication that either the trial judge, the prosecutor, or the defense counsel was aware of this error, and petitioner's trial counsel did not object to the Court's charge. Robare was convicted on all three counts.
 
 
 6
 With new counsel, petitioner appealed to the Appellate Division. Appellate counsel argued, among other things, that the prosecution failed to meet its burden on the robbery count, that trial counsel was constitutionally ineffective, and that the jury charge on the attempted sodomy count violated the ex post facto principle. The Appellate Division agreed with petitioner that the prosecution failed to demonstrate the necessary elements of the robbery offense and vacated the conviction on that count. People v. Robare, 486 N.Y.S.2d 393 (3d Dep't 1985). It rejected, however, petitioner's challenge to the attempted sodomy conviction because "there was no exception to the charge and thus no error of law was preserved for review." Id. at 395. Moreover, the Appellate Division indicated that there was sufficient evidence "to establish beyond a reasonable doubt that [petitioner] was guilty of the crime of attempted sodomy as it was defined in the applicable statute." Id. The Court also rejected petitioner's Sixth Amendment claim concerning trial counsel.
 
 
 7
 Appellate counsel then filed an application for leave to appeal to the New York Court of Appeals, raising two claims: (i) that the jury charge violated the ex post facto prohibition, and (ii) that insufficient evidence was presented to support a conviction under the pre-amended version of the sodomy statute. The Court of Appeals denied leave to appeal. People v. Robare, 65 N.Y.2d 699, 481 N.E.2d 268 (1985).
 
 
 8
 Even assuming that petitioner states a legitimate ex post facto violation, we affirm the District Court's dismissal of Robare's section 2254 petition because he has procedurally defaulted this claim and cannot show cause and prejudice under Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 9
 In Sykes and its progeny, the Supreme Court held that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' " Harris v. Reed, 489 U.S. 255, 263 (1989) (citations omitted). Because petitioner has made no claim of actual innocence amounting to a miscarriage of justice, see Murray v. Carrier, 477 U.S. 478, 496 (1986), he can circumvent the Sykes bar on this Court's review of his ex post facto claim only by demonstrating both cause and prejudice.
 
 
 10
 "Cause" may be demonstrated with "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials' made compliance impracticable, ... [or that] the procedural default is the result of ineffective assistance of counsel." Carrier, 477 U.S. at 488 (citations omitted). Because Robare cannot demonstrate either that the factual or legal basis for his ex post facto claim "was not reason-ably available to counsel," or that there was interference by state officials, he can show cause only by demonstrating that his procedural default resulted from the constitutionally ineffective assistance of trial counsel.
 
 
 11
 Carrier held that although ineffective assistance of counsel can constitute sufficient Sykes "cause for a procedural default," counsel's ineffectiveness must rise to the level of a Sixth Amendment violation, as outlined in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), in order to satisfy the Sykes "cause" requirement. Carrier, 477 U.S. at 488-89. If petitioner can show that trial counsel's failure to object to the attempted sodomy charge amounted to a violation of Strickland, he has also shown sufficient cause for procedurally defaulting the ex post facto claim in state court.
 
 
 12
 The Court in Carrier additionally noted, however, that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Carrier, 477 U.S. at 489. The principle of comity underlying the exhaustion doctrine would be equally upset whether the unexhausted "ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief." Id. Therefore, just as a habeas petitioner cannot raise an independent Strickland claim in his section 2254 petition if he did not earlier "fairly present" this claim to the state's highest court, so a habeas petitioner cannot circumvent the exhaustion requirement by invoking the same unexhausted Strickland claim to satisfy Syke's cause requirement.
 
 
 13
 Robare has not exhausted his ineffective assistance of trial counsel claim in state court. Although several such claims were presented to the Appellate Division, no Sixth Amendment claim was presented in petitioner's application for leave to appeal to the Court of Appeals. Therefore, petitioner's Sixth Amendment trial counsel claim is not exhausted. Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir.1990).
 
 
 14
 Generally, if a habeas petition contains unexhausted claims, this Court will dismiss it. Rose v. Lundy, 455 U.S. 509, 510 (1982). However, "if the petitioner no longer has 'remedies available' in the state courts, ... we deem the claims exhausted." Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 115 S.Ct. 1436 (1995). Because petitioner has already made the one request for leave to appeal to the Court of Appeals to which he is entitled, he cannot return to that court. N.Y. Court Rules § 500.10(a). He is also precluded from seeking state collateral review on the Sixth Amendment trial counsel claim because the Appellate Division has already considered it on the merits on direct review. N.Y.Crim. Proc. Law § 440.10(2)(c). Because it would be an exercise in futility to expect petitioner now to exhaust this claim in state court, this Court deems it exhausted.
 
 
 15
 Nonetheless, because petitioner has forfeited his right to litigate the merits of the Sixth Amendment trial counsel claim in state court, he cannot litigate the merits of that claim in federal habeas proceedings--either as an independent claim or for the purpose of showing Sykes cause--"absent a showing of cause for the procedural default and prejudice resulting therefrom." Grey v. Hoke, 933 F.2d 117, 121 (2d Cir.1991). This "cause and prejudice" requirement is identical to that imposed by Sykes itself. Grey, 933 F.2d at 121-22. To summarize, petitioner cannot rely on a claim of ineffective assistance of trial counsel to show Sykes cause for his failure to obey the state court's contemporaneous objection requirement until he has demonstrated Grey-Sykes "cause and prejudice" for failing to exhaust and for procedurally defaulting his ineffective assistance of trial counsel claim in state court.
 
 
 16
 As noted earlier, "cause" may be demonstrated with "a showing that the factual or legal basis for a claim was not reason-ably available to counsel, ... or that 'some interference by officials' made compliance impracticable, ... [or that] the procedural default is the result of ineffective assistance of counsel." Carrier, 477 U.S. at 488 (citations omitted). Once again, petitioner's only hope is to demonstrate ineffective assistance of counsel. At this juncture, however, the relevant "counsel" is not trial counsel but appellate counsel because the procedural default for which petitioner must find an excuse is the failure to exhaust the ineffective assistance of trial counsel claim by neglecting to present it to the New York Court of Appeals. Strickland is again the governing case.
 
 
 17
 Because Robare also raises the ineffective assistance of appellate counsel as an independent claim on this appeal, the following analysis--technically undertaken in the context of determining whether there is sufficient cause to excuse petitioner's failure to exhaust his ineffective assistance of trial counsel claim in state court--will also dispose of that independent claim.
 
 
 18
 Under Strickland, petitioner must show both that appellate counsel's "representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 687-88; see Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir.1990) (Strickland analysis applicable to claims directed to appellate representation). Thus, petitioner must show both inadequate performance by appellate counsel in failing to raise the ineffective assistance of trial counsel to the Court of Appeals, and prejudice resulting from that failure.
 
 
 19
 Focusing on the "performance" prong of Strickland, petitioner must demonstrate that appellate counsel's failure to raise the relevant claim "was unreasonable under prevailing professional norms." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). This Court's review of appellate counsel's performance is "highly deferential" and there is a "strong presumption" of attorney competence. Id. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." Id. at 384. Under this standard of review, this Court cannot find that appellate counsel's performance was defective for Sixth Amendment purposes. Petitioner's belief that appellate counsel must present all colorable claims to the New York Court of Appeals simply does not comport with professional practice.
 
 
 20
 The Supreme Court has held that indigent defendants do not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the [defendant], if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Because of the "importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues," id., appellate counsel was fully justified in presenting only the ex post facto violation to the Court of Appeals' attention. This was by far petitioner's strongest argument, then or now. Appellate counsel's reasoned, strategic choice to drop the ineffective assistance of trial counsel claim and focus on the ex post facto claim in order to maximize petitioner's chance of obtaining review in the state's highest court is not objectively unreasonable. Therefore, petitioner cannot satisfy the inadequate performance prong of Strickland, and thus cannot show a Sixth Amendment violation concerning appellate counsel.
 
 
 21
 Because petitioner cannot establish a Sixth Amendment ineffective assistance of appellate counsel claim, he cannot show cause for procedurally defaulting his Sixth Amendment ineffective assistance of trial counsel claim. Because he cannot establish a Sixth Amendment violation concerning trial counsel, he cannot show cause for failing to object to the jury charge at trial. Because petitioner cannot show cause and prejudice for procedurally defaulting the ex post facto claim, this Court must affirm the judgment of the District Court and dismiss the petition.
 
 
 22
 Moreover, if we reached the "prejudice" component of either Sykes or Strickland (and petitioner would have to satisfy both tests to prevail), we would be satisfied that the record precludes a finding of prejudice because it fully supports the elements of sodomy under the pre-amended version of the statute.