**Willie BETHEA, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

**No. 201, Docket 96–2949.**

United States Court of Appeals, Second Circuit.

Argued Sept. 5, 1997.

Decided Sept. 29, 1997.

Alan Lewis, Assistant District Attorney, Brooklyn, NY (Charles J. Hynes, District Attorney Kings County, Brooklyn, NY, Roseann B. MacKechnie, Assistant District Attorney, of counsel), for Respondent–Appellee.

Before: CARDAMONE, LEVAL, Circuit Judges, and KOELTL, District Judge.*

PER CURIAM:

Petitioner Willie Bethea, a New York State prisoner incarcerated at the Green Haven Correctional Facility, appeals from the denial by the United States District Court for the Eastern District of New York (Sifton, *Chief Judge*) of Bethea's second petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends the writ should be granted because he was denied effective assistance of appellate counsel on the direct appeal of his conviction.

In April 1979, a fire broke out in an apartment in Brooklyn occupied by petitioner and his girlfriend, Delores Blake, resulting in the death of two people. After two days of searching, the police located Blake and Bethea. Blake, the initial target of the police investigation, agreed to go to the police station for questioning. By petitioner's own account, he voluntarily accompanied Blake and the officers to the station. After arriving at the station, Blake and Bethea were questioned in separate rooms. During the course of this questioning, Bethea confessed to starting the fire, and a detective prepared a statement reflecting the substance of his comments. Bethea signed the statement and initialled each page. Later that same evening, an Assistant District Attorney for Kings County came to the station and took a stenographically-recorded statement from Bethea, in which Bethea again took responsibility for setting the fire. Bethea was subsequently indicted on two counts of felony murder.

Prior to trial in the New York Supreme Court, Kings County, Bethea moved to suppress the statements of confession. The court held a pre-trial hearing on this motion.

Susan D. Fitzpatrick, Ossining, NY, for Petitioner–Appellant.

---

* The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

At this hearing, Bethea acknowledged that he accompanied the officers to the station voluntarily, and Bethea's counsel stated that he was not contesting whether the police had probable cause to detain and interrogate Bethea. After listening to several witnesses, including Bethea, the judge denied the motion to suppress the statements of confession, concluding expressly that Bethea had been read and had waived his *Miranda* rights before making the statements, and that the statements were not the product of police coercion, but rather were "freely, voluntarily, understandingly and intelligently made ... and were not the product of any improper police activity." Bethea's statements were introduced into evidence at trial. A jury convicted Bethea of two counts of second degree murder, for which he was sentenced to two concurrent prison terms of twenty-five years to life.

On direct appeal to the Supreme Court, Appellate Division, Bethea's counsel raised four basic arguments: (i) that the felony murder statute under which he was convicted was unconstitutional; (ii) that Bethea had received ineffective assistance of trial counsel; (iii) that he was deprived of due process through various errors by the trial judge; and (iv) that his sentence was excessive. The Appellate Division affirmed the conviction without opinion and the New York Court of Appeals denied Bethea leave to appeal.

Bethea subsequently filed numerous collateral attacks on his conviction and sentence, including two habeas petitions, filed in the United States District Court for the Eastern District of New York. In support of this petition, he argued, *inter alia,* that he was denied effective assistance of *appellate* counsel due to his counsel's failure to argue on direct appeal that the trial court should have suppressed Bethea's statements of confession because: (i) they were the result of an arrest made without probable cause; (ii) he had not made a knowing or voluntary waiver of his *Miranda* rights; and (iii) they were obtained through coercion.

In a Memorandum and Order dated October 22, 1996, the district court denied petitioner's application. The court noted that petitioner had filed a prior application for habeas relief, and, applying the standard set forth in *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), concluded that Bethea had "abused the writ."

On this appeal, Bethea presses his claim that his counsel on direct appeal from his criminal conviction was ineffective in not raising the three arguments for suppression of his confessions. He additionally urges us to find that he has not "abused the writ." We need not decide whether petitioner has abused the writ, because we conclude that petitioner's claim of ineffective assistance of appellate counsel is without merit and that denial of the writ is appropriate on that basis. *See Bentley v. Scully,* 41 F.3d 818, 822 (2d Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 1029, 134 L.Ed.2d 107 (1996).

■ It is true that the Supreme Court in *McCleskey* referred to the "threshold nature of the abuse-of-the-writ inquiry" and stated that "the merits" of a habeas petition "cannot come before ... any federal court if it is premised on a claim that constitutes an abuse of the writ." 499 U.S. at 496, 497, 111 S.Ct. at 1471, 1472; *see also Price v. Johnston,* 334 U.S. 266, 287, 68 S.Ct. 1049, 1061, 92 L.Ed. 1356 (1948) (noting that abuse of the writ inquiry is "preliminary as well as collateral to a decision as to the sufficiency or merits of the allegation itself"). It is our understanding of the Supreme Court's instructions that writs should not be *granted* in cases of abusively repetitive petitions. We do not understand the Court to require federal judges to grapple with the frequently difficult issues of abuse-of-the-writ doctrine in cases where, as here, *denial* of the successive petition is easily justified on the merits. For this reason, in *Bentley v. Scully* we skirted the more complicated issue of abuse, proceeding directly to a denial on the merits, and we also do so here.

■ To establish a claim for ineffective assistance of counsel, Bethea must show that (i) his attorney's performance "fell below an objective standard of reasonableness," and (ii) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466

U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *see also Abdurrahman v. Henderson,* 897 F.2d 71, 74 (2d Cir. 1990). Bethea has failed to make an adequate showing of unreasonableness or of prejudice in connection with any of his three contentions.

■ With respect to the claim that the statements should have been suppressed because they were the result of an illegal detention, *see Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), petitioner does not dispute that he conceded at the pre-trial hearing that he was not contesting probable cause and failed to preserve the issue for appellate review. Accordingly, even if his appellate counsel had raised the *Dunaway* issue on direct appeal, the appellate court would likely have refused to entertain it. *See* N.Y.Crim. Proc. Law § 470.05(2). Although the appellate court would have had discretion to consider it, *see id.* at § 470.15, Bethea has failed to advance a compelling argument suggesting that the appellate court would have exercised this discretion, much less that the police actually lacked probable cause to detain and interrogate him.

■ With respect to the arguments that Bethea did not knowingly and voluntarily waive his *Miranda* rights and that his confession was the product of police coercion, the court conducting the hearing on Bethea's pre-trial suppression motion expressly found to the contrary. These findings would have been given great weight on appeal because of the trial judge's "peculiar advantages of having seen and heard the witnesses." *People v. Prochilo,* 41 N.Y.2d 759, 395 N.Y.S.2d 635, 636, 363 N.E.2d 1380, 1381 (N.Y.1977). Appellate counsel was therefore well justified in the decision not to raise these points, and there is little likelihood that raising them would have altered the result.

Because petitioner's arguments either were not preserved for appeal or were rejected by the trial court after a full factual hearing, Bethea's appellate counsel had little reason to raise them on appeal and Bethea was not prejudiced by his counsel's failure to do so. Bethea's contention that his appellate counsel was ineffective must fail.

The judgment of the district court is affirmed.