SUMMARY ORDER
Respondent-Appellant James Conway, Superintendent of Attica Correctional Facility (“the State”) appeals from an April 4, 2008 order of the United States District Court for the Eastern District of New York (Gleeson, /.), granting Petitioner-Appellee Racky Ramchair’s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The District Court found that Ramchair was denied effective assistance of appellant counsel and entitled to habeas relief, and granted him a new trial. Ramchair v. Conway, No. 04-cv-4241(JG), — F.Supp.2d -, 2008 WL 919630 (E.D.N.Y. April 4, 2008); see also Ramchair v. Conway, No. 04-cv-4241(JG), 2005 WL 2786975, 2005 U.S. Dist. LEXIS 25852 (E.D.N.Y. Oct. 26, 2005). On appeal, the State challenges the District Court’s grant of the writ and, in the alternative, argues that if relief is warranted, the District Court should have ordered only a new appeal, rather than a new trial. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
The District Court granted Ram-chair’s petition for habeas based on its finding that he received ineffective assistance of appellate counsel. In so holding, the District Court concluded that appellate counsel should have raised the claim that the trial court erred in failing to grant Ramchair’s motion for a mistrial. Though the District Court provides strong support for this conclusion, the District Court did not collect evidence from appellate counsel (nor explain that such evidence was un *124 available) as to whether appellate counsel had a strategic reason for not bringing this claim. “We believe that a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the as-sertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.” Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir.1998) (per curiam). Because the District Court did not present such an opportunity, we instruct the Court, upon remand, to conduct an evidentiary hearing to inquire from Ramchair’s allegedly ineffective appellate counsel as to whether — if counsel can remember — there was a strategic reason for not raising the mistrial claim.
As to the State’s argument that the District Court ordered an improper remedy, we first recognize that the statute empowering federal courts to grant habeas directs the court to “dispose of the matter as law and justice require,” 28 U.S.C. § 2243, and accordingly the Supreme Court has found that courts have “broad discretion ... in fashioning the judgment granting relief.” Hilton v. Braunskill, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Although the practice on ineffective assistance of appellate counsel claims is generally to grant a new appeal, see, e.g., Simmons v. Reynolds, 898 F.2d 865, 869 (2d Cir.1990); Jenkins v. Coombe, 821 F.2d 158, 162 (2d Cir.1987), the District Court ordered a new trial as opposed to a new appeal in the instant case, and the District Court did not explain why it chose this relief. The District Court is not necessarily precluded from ordering a new trial, but in the absence of an explanation, we are unable to review the court’s decision. Accordingly, we instruct the District Court to provide reasons for this part of its decision.
Because we are unable to assess, on the record before us, whether the District Court erred in granting habeas relief or abused its discretion in ordering a new trial, we REMAND the case to the District Court, pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994), for clarification of its decision to grant a new trial as opposed to a new appeal, and for additional findings of fact or conclusions of law as set forth above. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the District Court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case. Accordingly, the judgment of the District Court is VACATED and REMANDED for further proceedings consistent with this order