■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. O'CONNOR, Appellant. — Judgment unanimously affirmed. Memorandum: During the examination of a prosecution witness, a juror informed the court that he knew of the witness' family, and may have known the witness in his younger days. The juror was interrogated out of the presence of the other jurors to determine the nature of any relationship and whether any bias existed which would disqualify him. The record supports the court's finding that the juror "exhibited no bias whatsoever, no prejudice, no sympathy * * * [and] he would treat this witness in the same manner as he would any other witness". Therefore, the juror was not "grossly unqualified" to serve and thus was not subject to discharge (CPL 270.35; *People v Ivery,* 96 AD2d 712).

Any claim that the court erred in informing the jury that defense counsel had requested the court not to give the "no unfavorable inference" charge (see CPL 300.10, subd 2), has not been preserved for review. Were we to reach this issue in the interests of justice, we would conclude that this one erroneous statement in an otherwise proper charge did not deprive defendant of a fair trial.

We have reviewed defendant's other contentions, including his challenge to the legal sufficiency of the evidence, and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — robbery, first degree, and other charges.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.