■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY McINTYRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 10, 1982, convicting him of robbery in the first degree (five counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record indicates that during jury deliberations, and after the jury had requested and received a read back of

certain testimony, one of the jurors informed the court that he had recognized as a co-worker the defendant's sister, who had appeared for the first time in the courtroom on the day the jury received the read back of testimony. However, the juror indicated that the fact that he knew the defendant's sister would not prevent him from rendering an impartial verdict based solely upon the evidence. The other jury members who were questioned in open court, without objection by the defendant's trial counsel, also stated that they could render their verdict without reference to the disclosed relationship. The trial court then permitted the jury to resume its deliberation and denied the defendant's motion for a mistrial.

CPL 270.35 provides in relevant part: "If at any time after the trial jury has been sworn and before the rendition of its verdict * * * the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case * * * the court must discharge such juror * * * If no alternate juror is available, the court must declare a mistrial pursuant to subdivision three of section 280.10." A juror is "grossly unqualified" when it is apparent that he or she "possesses a state of mind which would prevent the rendering of an impartial verdict" *(see, People v West,* 92 AD2d 620, 622 [dissenting opn of Mahoney, P. J.], *revd* 62 NY2d 708, *for reasons stated in dissenting opn at App Div).*

In the instant case, we see no reason to disturb Criminal Term's determination that the juror's work relationship with the defendant's sister was not of such a nature that it was likely to preclude him from rendering an impartial verdict *(see, People v West, supra; cf. People v Buford,* 119 AD2d 761).

The defendant's challenge to the manner in which the trial court questioned the jurors is not preserved for our review *(see,* CPL 470.05 [2]) and we decline to consider the issue in the interest of justice. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.