THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAYS, Appellant.

The defendant stands convicted of two gunpoint robberies committed on the evening of February 5, 1985, within a two-block area of Brooklyn. The legal sufficiency of the evidence of the defendant's guilt is not challenged on appeal.

We find that, contrary to the defendant's contention, the trial court did not err in refusing to disqualify a sworn juror who expressed "a little uneas[iness]" when she realized after deliberations had begun, that she lived in the same area as the defendant. The juror assured the court that this fact did not "affect the case" and was not "a problem". There was no indication that the juror had ever met, or had even previously seen, the defendant or any member of his family, or that the fact they resided in the same neighborhood would have any impact on her ability to act as a fair and impartial juror. Thus, the court properly concluded that the juror was not "grossly unqualified" to serve as a member of the jury (see, CPL 270.35; *People v Cargill*, 70 NY2d 687, 688; *People v O'Connor*, 106 AD2d 900).

We find that certain statements made by the prosecutor in summation were improper. However, under the circumstances of this case, reversal is unwarranted. Notably, the prosecutor's comment concerning the racial composition of the neighborhood in which these crimes were committed was deplorable and should not be repeated. The comment was beyond the evidence and had no relevance to any issue in the trial. However, the trial court, in each instance of improper comment, gave prompt curative instructions and the sufficiency of these instructions was not challenged by trial counsel. The court's instructions alleviated any prejudice which might have arisen from any of the prosecutor's remarks (see, *People v Freeman*, 123 AD2d 784, *lv denied* 69 NY2d 711; *People v Jalah*, 107 AD2d 762).

We have considered the defendant's other contentions, including the issues raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.