■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT HILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 27, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a hypodermic instrument (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that a juror who indicated that she knew one of the prosecution witnesses should have been discharged as "grossly unqualified" *(see,* CPL 270.35). We disagree.

It is settled that a juror may be discharged as "grossly unqualified" pursuant to CPL 270.35 only " 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " *(People v Buford,* 69 NY2d 290, 298; *see also, People v Cargill,* 70 NY2d 687, 689; *People v Anderson,* 70 NY2d 729, 730; *People v West,* 62 NY2d 708). In the instant case, although the juror knew one of the police witnesses, she stated unequivocally and repeatedly that she could remain impartial. Accordingly, the court's decision not to discharge the juror was within its discretion *(see, People v McDonald,* 143 AD2d 1050; *People v Mays,* 140 AD2d 376; *People v McIntyre,* 121 AD2d 565; *People v O'Connor,* 106 AD2d 900), which was properly exercised. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.