■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS ACEVEDO, Appellant. [616 NYS2d 636] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 29, 1991, convicting him of robbery in the first degree and criminal possession of a hypodermic needle, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion, the trial court properly denied the defendant's motion to disqualify a juror disturbed by the presence of hypodermic needles at trial in view of the fact that the juror's son had died from a drug overdose two months earlier. CPL 270.35 states that if, after the jury is sworn but before it renders a verdict, the court finds that a juror is "grossly unqualified to serve", that juror must be dismissed. The trial court "generally is accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35, because that Judge is in the best position to assess partiality in an allegedly biased juror" *(People v Rodriguez,* 71 NY2d 214, 219). Here, the juror in question repeatedly reassured the court that while he was disturbed by the presence of hypodermic needles he would be able to reach an impartial decision in this trial. Furthermore, the juror in the instant matter agreed not to discuss the fact that he was disturbed by the presence of the hypodermics with any of the other jurors.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.