■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MACK, Appellant. [637 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered November 29, 1993, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The background of this case is detailed in this Court's decision and order on the appeal of the codefendant Darren Mack *(see, People v Mack,* 224 AD2d 447 [decided herewith]), with whom the defendant was jointly tried.

The evidence adduced at the suppression hearing establishes that the showup in this case was proper. The complainants identified the defendant approximately 15 minutes after giving the police a description of the stolen automobile that was used by the defendant to leave the scene of the crime, and the defendant was apprehended several blocks away. The factual cir-

cumstances represented one unbroken chain of events—from the commission of the crime to the defendant's escape, the pursuit of the defendant by the police, his apprehension and identification by the complainants—all of which occurred in rapid sequence within a limited geographic area *(see, People v Duuvon,* 77 NY2d 541, 544-545; *People v Hawkins,* 188 AD2d 616; *People v Mitchell,* 185 AD2d 249).

We find that the trial court properly denied, after a hearing, the defendant's motion to set aside the verdict on the ground that a juror had made inappropriate predeliberation comments *(see, People v Horney,* 112 AD2d 841). A hearing was held at which 10 jurors and 3 alternate jurors testified. Only two jurors testified that they heard any such comments, and both testified that the comments had no effect on them.

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Dien,* 77 NY2d 885; *People v Brodie,* 170 AD2d 519) or without merit. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.