■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DAVIS, Appellant. [669 NYS2d 934] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered March 7, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in refusing to disqualify a sworn juror who unequivocally stated that although he worked at the same place as a witness, he would be able to reach an impartial decision (*see, People v Acevedo,* 207 AD2d 842; *People v Larrabee,* 201 AD2d 924; *People v Hill,* 167 AD2d 418; *People v Attanasio,* 191 AD2d 447). Nor was the defendant required to be present during the questioning of that juror (*see, People v Mullen,* 44 NY2d 1; *People v Velasco,* 77 NY2d 469, 472).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DOWNEY, Appellant. [669 NYS2d 933] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered May 21, 1996, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and sentencing him to an indeterminate term of 7½ to 15 years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 5 to 10 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant was provided with meaningful representation of counsel (*see, People v Ellis,* 81 NY2d 854; *People v Baldi,* 54 NY2d 137).

The defendant's sentence was excessive to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review or do not require reversal. O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.