THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELGADILLO, Appellant. [786 NYS2d 327]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered September 20, 2002, convicting him of kidnapping in the second degree, robbery in the first degree (two counts), robbery in the second degree (three counts), criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, attempted rape in the first degree, and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court should have dismissed a sworn juror who revealed that she was acquainted with one of the witnesses (*see* CPL 270.35 [1]). This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Pain,* 298 AD2d 604 [2002]; *People v Sell,* 283 AD2d 920 [2001]). In any event, the contention is without merit, as the juror unequivocally assured the trial court that she would remain fair and impartial (*see People v Davis,* 248 AD2d 632 [1998]; *People v Tanner,* 220 AD2d 468 [1995]; *People v Sage,* 204 AD2d 746, 747 [1994]; *People v Hill,* 167 AD2d 418 [1990]).

The defendant also contends that the evidence was legally insufficient to prove his identity as the perpetrator of the crimes. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (*see People v Ricone,* 288 AD2d 402 [2001]; *People v Godbolt,* 209 AD2d 540,

541 [1994]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant was afforded the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]; *People v Whitmore,* 190 AD2d 703 [1993]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.