■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD STEPHENS, Appellant. [804 NYS2d 336]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered February 27, 2002, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court should have dismissed three seated jurors who voiced possible biases after they were seated (*see* CPL 270.35 [1]). This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Pain,* 298 AD2d 604 [2002]; *People v Sell,* 283 AD2d 920 [2001]). In any event, the contention is without merit, as the jurors unequivocally assured the trial court that they would remain fair and impartial (*see People v Delgadillo,* 13 AD3d 643 [2004], *lv denied* 4 NY3d 885 [2005]). Moreover, the record clearly demonstrates that none of the jurors were "grossly unqualified" (CPL 270.35 [1]) by their inconsequential relationships with members of the Sheriff's Department or potential prosecution witnesses (*see People v Buford,* 69 NY2d 290 [1987]). The record does not demonstrate that any juror was possessed of a state of mind which would prevent the rendering of an impartial verdict (*id.; People v Sweeney,* 16 AD3d 602 [2005]). Thus, any attempt by the defense counsel to disqualify those jurors would have been futile (*see People v Rodriguez,* 71 NY2d 214 [1988]; *People v Buford, supra*). Accordingly, the additional contention that the defendant was denied the effective assistance of counsel is without merit (*see People v Mason,* 299 AD2d 724, 725 [2002]; *see also People v Johnson,* 233 AD2d 887 [1996]).

The defendant also contends that the evidence was legally insufficient and that the verdict was against the weight of the evidence. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon

the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.