■ The People of the State of New York, Respondent, v Jeffrey L. Haberer, Appellant. [805 NYS2d 904]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered June 16, 2003. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of one count each of sodomy in the first degree (Penal Law former § 130.50 [3]) and endangering the welfare of a child (§ 260.10 [1]) with respect to an eight-year-old victim and a second count of endangering the welfare of a child (*id.*) with respect to an 11-year-old victim. Defendant was acquitted of one count each of rape in the first degree (§ 130.35 [3]) and sexual abuse in the first degree (§ 130.65 [3]) with respect to the eight-year-old victim and two counts of sexual abuse in the second degree (§ 130.60 [2]) with respect to the 11-year-old victim.

Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to sever for trial the charges involving the two victims (*see* CPL 200.20 [3]; *see generally People v Lane*, 56 NY2d 1, 7-9 [1982]; *People v Davis*, 19 AD3d 1007 [2005]; *People v Bruce*, 216 AD2d 913, 913-914 [1995], *lv denied* 86 NY2d 872 [1995]). Defendant further contends that the court erred in denying his motion to dismiss the indictment as duplicitous (*see* CPL 200.30 [1]). That contention is moot, however, inasmuch as defendant was acquitted of those counts that he asserts are duplicitous (*see generally People v Lizzio*, 178 AD2d 741 [1991], *lv denied* 79 NY2d 921 [1992]).

Also contrary to defendant's contention, the indictment is sufficiently specific with respect to the dates on which the various offenses were committed (*see generally People v Keindl*, 68 NY2d 410, 416-417 [1986], *rearg denied* 69 NY2d 823 [1987]).

Defendant failed to renew his motion to dismiss the indictment after presenting evidence and thus failed to preserve for our review his contention that the evidence is legally insufficient (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Diefenbacher*, 21 AD3d 1293 [2005]). Defendant also failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of endangering the welfare of a child with respect to the 11-year-old victim and acquitted him of the two counts of sexual abuse with respect to that victim (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Ramirez*, 229 AD2d 1012 [1996]), and, in any event, that contention is without merit. Upon our review of the record, we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his further contention that the court should have removed a juror for partiality at the close of evidence and before summations (*see* CPL 270.35; *People v Stephens*, 22 AD3d 691 [2005]; *People v Santiago*, 255 AD2d 63, 67-68 [1999], *lv denied* 94 NY2d 829 [1999]). In any event, the juror unequivocally assured the court of her impartiality (*see People v Harris*, 99 NY2d 202, 212-213 [2002]; *Stephens*, 22 AD3d 691 [2005]). Defendant also failed to preserve for our review his further contentions that he was denied his right to a fair trial based on prosecutorial misconduct and the cumulative effect of erroneous rulings by the court (*see* CPL 470.05 [2]) and, in any event, those contentions are without merit. We further conclude that defendant was afforded meaningful representation and thus was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]) and that the sentence is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that the evidence before the grand jury was legally insufficient because the eight-year-old victim was not competent to testify (*see generally* CPL 210.30). Defendant was convicted "upon legally sufficient trial evidence," and thus his contention with respect to the competency of the evidence before the grand jury "is not reviewable upon an appeal from the ensuing judgment of conviction" (CPL 210.30 [6]; *see People v Prezioso*, 199 AD2d 343, 344 [1993], *lv denied* 83 NY2d 857 [1994]; *see also People v Montgomery*, 1 AD3d 984, 985 [2003], *lv denied* 1 NY3d 631 [2004]). We

have considered the remaining contentions raised in the pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.