■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DYEGO FODDRELL, Appellant. [887 NYS2d 590]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Smith, J.), rendered August 24, 2004, convicting him of murder in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

On December 6, 2002, the defendant and his girlfriend, Sharelle Johnson, brought Johnson's 2½-year-old son, Maurice, to the emergency room at Mount Vernon Hospital. The child was nonresponsive, and examination revealed extensive bruising all over his body. The child died during the night. The defendant was taken into custody and admitted that he had hit the child over the course of several weeks in order to discipline him for toilet-training accidents. He also admitted that, on the night of the child's death, he had hit the child very hard in the abdomen. An autopsy revealed that the child had extensive internal injuries. At trial, the defendant claimed that he had gone into a psychotic state and was not responsible for his actions. He was convicted of murder in the second degree and endangering the welfare of a child.

Contrary to the defendant's contention, his videotaped statements to Detective Glover, made after the readministration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), were properly admitted. These post-*Miranda* statements were attenuated from his earlier pre-*Miranda* statements to police, as there was a definite and pronounced break in the questioning (*see People v Paulman*, 5 NY3d 122, 130 [2005]; *People v Sepulveda*, 52 AD3d 539, 540 [2008]; *People v Vachet*, 5 AD3d 700, 702 [2004]).

The defendant's claim that the jury instruction regarding depraved indifference was erroneous is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *see also People v Feingold*, 7 NY3d 288, 291 [2006]; *People v Zephirin*, 47 AD3d 649 [2008]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

The defendant's claim that the court's examination of the jurors during jury selection denied him a fair trial is also not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 19; *People v Yi Ming Kam*, 238 AD2d 617, 617 [1997]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

Contrary to the defendant's contention, the trial court properly denied his motion for a mistrial on the ground that a juror had made an inappropriate predeliberation comment (*see People v Mack*, 224 AD2d 448, 449 [1996]; *People v Horney*, 112 AD2d 841 [1985]). After dismissing that juror, the court individually questioned the remaining jurors. Twelve jurors did not remember the comment and two jurors remembered that a comment was made but could not remember its substance (*see People v Mack*, 224 AD2d 448, 449 [1996]). All jurors stated that they could remain fair and impartial. Under these circumstances, we find no reason to overturn the trial court's determination that a mistrial was not warranted (*id.*; *see also People v Simon*, 224 AD2d 458, 459 [1996]; *People v Horney*, 112 AD2d 841 [1985]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.