■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL ELIAS, Appellant. [934 NYS2d 811]—

If a court finds that a juror is grossly unqualified to serve in a case, or has engaged in misconduct of a substantial nature, the court must discharge such juror (*see* CPL 270.35; *People v Buford*, 69 NY2d 290, 299-300 [1987]). In making a determination of whether a juror is grossly unqualified, the trial court must conduct a probing, tactful inquiry into the specific circumstances, and must question each allegedly unqualified juror individually in camera in the presence of the attorneys and the defendant (*see People v Gibian*, 76 AD3d 583 [2010]; *People v Arena*, 70 AD3d 1044 [2010]; *People v Foddrell*, 65 AD3d 1375, 1377 [2009]; *People v Littebrant*, 55 AD3d 1151 [2008]; *People v Dombroff*, 44 AD3d 785, 787 [2007]; *People v Stephens*, 22 AD3d 691 [2005]; *People v Simon*, 224 AD2d 458 [1996]; *People v Mack*, 224 AD2d 448, 449 [1996]; *People v Horney*, 112 AD2d 841, 843 [1985]). Where this has occurred, the Supreme Court's determination will be accorded latitude and great deference, and should be set aside only where the error is manifest (*see People v Littebrant*, 55 AD3d 1151 [2008]).

Here, the record supports the Supreme Court's determination

to retain Juror Twelve and Alternate Juror One in light of their professed ability to keep an open mind and to base their decisions on the evidence and the law as instructed by the court (*see People v Foddrell*, 65 AD3d 1375 [2009]; *People v Dombroff*, 44 AD3d 785 [2007]; *People v Stephens*, 22 AD3d 691 [2005]; *People v Simon*, 224 AD2d 458 [1996]).

The sentence imposed was not excessive (*see People v Farrar*, 52 NY2d 302, 305 [1981]; *People v Suitte*, 90 AD2d 80, 83-86 [1982]). Dillon, J.P., Eng, Belen and Austin, JJ., concur.