Contrary to the defendant’s contention, the Supreme Court properly declined to charge coercion in the second degree as a lesser-included offense of coercion in the first degree (see People v Discala, 45 NY2d 38 [1978]; People v Eboli, 34 NY2d 281 [1974]).
The defendant’s contention that his conviction of coercion in the first degree was not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon the exercise of our factual review *1053 power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt as to coercion in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Similarly, contrary to the defendant’s contention, the verdict of guilt as to criminal possession of a weapon in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the Supreme Court properly denied his motion for a mistrial on the ground of alleged juror misconduct in light of the fact that juror number eight professed her ability to keep an open mind and to base her decision on the evidence and the law as instructed by the court (see People v Elias, 90 AD3d 947, 947-948 [2011]).
The defendant’s remaining contentions are unpreserved for appellate review, and, in any event, are without merit. AngioIiHo, J.P., Balkin, Lott and Roman, JJ., concur.