People v Henry (2019 NY Slip Op 04723)





People v Henry


2019 NY Slip Op 04723


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2014-02219
 (Ind. No. 2750/12)

[*1]The People of the State of New York, respondent,
v
Mark Henry, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Collins of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Salvatore Modica, J.), rendered March 3, 2014, convicting him of criminal sexual act in the first degree (four counts) and endangering the welfare of a child (two counts), upon a jury verdict, and sentencing him to (1) concurrent determinate terms of imprisonment of 15 years, plus 15 years of postrelease supervision, on the convictions of criminal sexual act in the first degree under counts one and two of the indictment, to run consecutively to concurrent determinate terms of imprisonment of 20 years, plus 15 years of postrelease supervision, on the convictions of criminal sexual act in the first degree under counts three and four of the indictment, and (2) definite terms of imprisonment of 1 year on each of the endangering the welfare of a child convictions, to run concurrently with each other and with the terms of imprisonment imposed on the convictions of criminal sexual act in the first degree under counts one, two, three, and four of the indictment.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the sentence imposed on the convictions of criminal sexual act in the first degree under counts one and two of the indictment from concurrent determinate terms of imprisonment of 15 years, plus 15 years of postrelease supervision, to concurrent determinate terms of imprisonment of 10 years, plus 15 years of postrelease supervision, and (2) by reducing the sentence imposed on the convictions of criminal sexual act in the first degree under counts three and four of the indictment from concurrent determinate terms of imprisonment of 20 years, plus 15 years of postrelease supervision, to concurrent determinate terms of imprisonment of 15 years, plus 15 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of criminal sexual act in the first degree (four counts) and endangering the welfare of a child (two counts) for acts involving the defendant's extended family members, brothers who were 8 and 11 years old at the time these crimes were committed in August 2012. The complainants testified, inter alia, that, in August 2012, the defendant performed oral sex upon both of them, and then made them perform oral sex upon him. The People also elicited testimony that, in June 2012, the defendant performed oral sex upon the older complainant and made the older complainant perform oral sex upon him, and that the older complainant made the younger complainant perform oral sex upon him prior to the defendant's abuse of both boys but during the same week in August 2012.
The defendant contends that the Supreme Court should not have allowed the prosecutor to elicit evidence of the June 2012 incident between the defendant and the older complainant. "Evidence of uncharged crimes is inadmissible where its only purpose is to show bad character or propensity towards crime" (People v Arafet, 13 NY3d 460, 464-465; see People v Molineux, 168 NY 264; People v Littlejohn, 112 AD3d 67). "On the other hand, evidence relevant to prove some fact in the case, other than the defendant's criminal propensity, is not rendered inadmissible simply because it may also reveal that the defendant has committed other crimes" (People v Allweiss, 48 NY2d 40, 46-47).
Here, the testimony describing the defendant's uncharged criminal behavior against the older complainant in June 2012 was relevant to complete the narrative of the events charged and to provide necessary background information, including the nature of the relationship between the defendant and the older complainant, and the older complainant's sexualization (see People v Morris, 21 NY3d 588, 594; People v Harris, 117 AD3d 847, 854; People v Khan, 88 AD3d 1014, 1014-1015). Further, the probative value of the evidence outweighed its potential for undue prejudice to the defendant (see People v Cass, 18 NY3d 553, 560; People v Khan, 88 AD3d at 1015).
Contrary to the defendant's contention, the Supreme Court did not deprive him of his right to an impartial jury when it declined to discharge the jury foreperson, whom the defendant alleged was grossly unqualified (see People v Elias, 90 AD3d 947, 947). The court's factual determinations were made after conducting a "probing and tactful inquiry" into the jury foreperson's impartiality (People v Buford, 69 NY2d 290, 299), and was supported by the record.
Further, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining defense counsel's request to conduct an individual inquiry of four sworn jurors who expressed a concern that a spectator associated with the defendant had taken photographs inside the courtroom. The court's decision to investigate the jurors' allegations of spectator misconduct by having counsel conduct a thorough independent inquiry of the spectators outside the presence of the jury, followed by the court delivering a curative instruction assuring the jury that the concerns had been unfounded and should not influence the jury's deliberations, was an appropriate exercise of the court's discretion (see People v Kuzdzal, 31 NY3d 478, 485-486; cf. People v Argendorf, 76 AD3d 1100, 1100-1101).
However, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court